**CITY OF CASPER, Appellant (Respondent below),**

v.

**Theodore F. REGAN, Appellee (Petitioner below).**

No. 3609.

Supreme Court of Wyoming.

Nov. 21, 1967.

Jack D. Emery, Casper, for appellant. Raymond B. Whitaker, Casper, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

We are concerned in this case with a decision of the Civil Service Commission of the City of Casper pertaining to the discharge of a city employee, Theodore F. Regan.

Regan, an engineer on the city fire department, was served with specifications, notice and order of discharge signed by Henry Rolfes, Jr., City Manager, and by C. H. Christerson, Fire Chief. The notice stated the employee was discharged for the good of the efficiency of the service.

Section 15.1–293, W.S.1957 (compiled 1965), provides city police and firemen may be discharged for any cause, not political or religious, which will promote the efficiency of the service, on written notice and specifications filed with the civil service commission and served upon the person affected. The section affords the person whose discharge is sought a reasonable time to answer the charges in writing and to demand a hearing. It is then provided that the commission, after hearing or investigation, shall determine whether the reason for discharge is sufficient and established.

It appears an instrument containing written notice and specifications was filed with the civil service commission and served upon Regan; that an answer in writing on behalf of Regan was filed; and that a subsequent hearing on the specifications and answer was held by the civil service commission. Following this hearing, the commission entered an order against Regan

with a finding that the reason for discharge was sufficient and established.

Pursuant to the provisions of § 15.1–294, W.S.1957 (compiled 1965), Regan appealed from the decision of the civil service commission to the district court of Natrona County. This appeal resulted in judgment in favor of Regan with an order that he be restored to duty as an engineer on the fire department of the City of Casper. The matter is before us on an appeal by the City of Casper from the judgment of the district court.

### Scope of Review

The city claims there is an absence of factual support for the district court's conclusions and that its judgment is therefore erroneous. Before we can say as a matter of law whether the trial court was justified in its conclusions, we deem it necessary to consider what the scope of review by a district court is in appeals from decisions of city civil service commissions.

In § 15.1–294, W.S.1957 (compiled 1965), it is provided a decision of the civil service commission may be "reviewed" by the district court upon appeal. The section further states the district court shall hear and determine the appeal after a "trial de novo," without a jury.

Believing this statute to be entirely controlling and the term "trial de novo" to call for a trial of the appeal in the same manner in which a trial de novo appeal would be made from a justice of the peace or a police justice in criminal cases, parties apparently presented the appeal in this case to the district court with the expectation that the court would redetermine all the facts and substitute its judgment for that of the commission. The scope of review, however, should have been limited as provided in ch. 108, § 14(c), S.L. of Wyoming 1965 (§ 9–276.32(c), W.S.1957, 1965 Cum.Supp.).

The legislature has provided in ch. 108, § 14(a), S. L. of Wyoming 1965 (§ 9–276.32(a)), that the procedure to be followed in reviews by a district court of the action of an administrative agency shall be in accordance with rules heretofore or hereinafter [hereafter] adopted by the Wyoming supreme court. In § 14(b) it provided the rules adopted by the supreme court under this provision may supersede existing statutory provisions. Then in § 14(c) the legislature limited the court's review to a determination whether or not:

1. the agency acted without or in excess of its powers;

2. the decision or other agency action was procured by fraud;

3. the decision or other agency action is in conformity with the law;

4. the findings of facts in issue in a contested case are supported by substantial evidence; and

5. the decision or other agency action is arbitrary, capricious or characterized by abuse of discretion.

Rule 72.1, W.R.C.P., provides the procedure for judicial review of administrative action. In subsection (c) of that rule it is specified, "All appeals from administrative agencies and all proceedings for trial de novo reviewing administrative action shall be governed by this rule." Subsection (i) of the rule states that the court's review shall be limited to a determination of the matters specified in § 14(c) of the Wyoming Administrative Procedure Act (Ch. 108, S.L. of Wyoming 1965).

Subsection (h) of Rule 72.1 indicates the reviewing court is not to take new evidence. However, if additional evidence is material, the court may order that additional evidence be taken before the agency. To the extent that any matter required for review was not preserved by the civil service commission, the reviewing court would be authorized under subsection (g) of Rule 72.1 to take evidence of such matter.

It is quite evident the district court in this instance received full and complete evidence as if it was conducting an original trial to determine whether there was cause (not political or religious) for the discharge of Regan. The review of the civil service hearing was not conducted as provided by

Rule 72.1 and the scope of review was not limited to a determination of those matters enumerated in § 14(c) of the Wyoming Administrative Procedure Act. We must therefore remand the case for a determination as envisioned in § 14(c) of the administrative procedure act and Rule 72.1(i).

Reversed and remanded accordingly.