Theodore F. REGAN, Appellant
(Plaintiff below),

v.

CITY OF CASPER, Appellee
(Defendant below).

No. 4036.

Supreme Court of Wyoming.

March 16, 1972.

Rehearing Denied April 10, 1972.

Raymond B. Whitaker, Casper, for appellant.

H. B. Harden, Jr., City Atty., and Richard E. Day, of Wehrli & Williams, Casper, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

The city had previously appealed to this court, and on November 21, 1967, the matter was reversed and remanded to the trial court (City of Casper v. Regan, Wyo., 433 P.2d 834.) In that case the Civil Service Commission of the City of Casper had entered an order discharging the appellant as an engineer of the City Fire Department. Upon review by this court the matter was remanded to the district court because "The review of the civil service hearing was not conducted as provided by Rule 72.1 and the scope of review was not limited to a determination of those matters enumerated in § 14(c) of the Wyoming Administrative Procedure Act. * * *," 433 P.2d at 835. Upon remand to the district court on April 16, 1968, it:

"* * * ORDERED that this cause be and the same is remanded to the Civil Service Commission of the City of Cas-

per, Wyoming for the taking of any further evidence which the Commission may deem appropriate and the preservation and preparation of a record.

"It is further ordered that the commission review its findings in accordance with the prior decision of this Court and the decision of the Wyoming Supreme Court, and that it make such determination as it may deem appropriate and proper in the circumstances."

The order was approved as to form by the attorneys for both parties.

Whereupon, on August 12, 1968, the civil service commission executed its "decision" approved by two members and dissented to by one member, in which it concluded that the reason for the discharge of the appellant on January 7, 1966, was sufficient and established. A copy of this letter "decision" was personally served upon appellant and upon appellant's attorney. Apparently there was some contact between appellant's counsel, the commission, and the city attorney, and on June 3, 1969, the then city attorney directed a letter to appellant's attorney wherein it was stated the commission considered the matter terminated and no further action needed to be taken by the commission.

On June 13, 1969, appellant filed a "notice of appeal" in the district court from the " * * * decision of the Civil Service Commission dated June 3, 1969 as indicated by the letter of the city attorney of the City of Casper, * * * " On June 20, 1969, the city filed a motion to dismiss the appeal. The motion was heard on January 8, 1971, by the district court, briefs having been filed by both parties. Subsequently, the district court entered its memorandum opinion finding that appellant failed to appeal timely and in due course entered its order dismissing the appeal, from which order the appellant appealed to this court. The appellant argued:

"1. The District Court acted erroneously in dismissing this entire matter even if the Notice of Appeal filed June 13, 1969, was not filed during the prescribed time period since an appeal from the meeting of the Civil Service Commission held on Aug. 12, 1968, was not necessary under the Wyoming Rules of Civil Procedure.

"2. The Notice of Appeal, filed on June 13, 1969, assuming that Notice was necessary, was filed in time in that it was only on June 3, 1969, that the Commission notified appellant that it had chosen to disregard the District Court Order of April 16, 1968."

We think we must first examine the effect of the order of the district court which remanded the cause to the civil service commission. It is noted that the trial court made no mention of retention of jurisdiction but seemed to send the matter back to the commission without any reservations. It may be that the order of remand was ambiguous, but if it was neither party made any objection and, to the contrary, approved the order as to form. When the appellant did take action he attempted to "appeal" from an action of the commission, and it appears the appellant thought the proper procedure was for review by appeal. Had the appellant thought the trial court had retained jurisdiction we believe it reasonable to conclude he would have requested the trial court to consider the decision of the commission not by way of "appeal" but in the normal manner of matters before the court. We also think that in this case where the remand was silent as to the retention of jurisdiction, it was anticipated the aggrieved party would have to proceed according to the procedures for judicial review of an agency action because the matter was not upon remand resolved. There was a possibility that the commission would have acted upon the matter favorably to the appellant. In that case the appellant would have no cause to ask for any further action by the district court. It should be noted that actually one of the three commissioners dissented from the decision relieving the appellant from duty.

■ Under the facts in this case we think the trial court must have necessarily

correctly concluded that, upon remand, the matter was to be considered by the commission, and that either party would have the right of judicial review from any decision of the commission.

■ We must then consider if the commission rendered a "final decision" as contemplated by the Wyoming Administrative Procedure Act, § 9–276.28, W.S.1957 (1971 Cum.Supp.), and, if so, when? It is clear from the record that the commission considered its decision rendered August 12, 1968, as a final decision as it took no further action in the matter. Section 9–276.28, provides that copies of a final decision shall be mailed or delivered to each party *or* his attorney of record. Here copies were delivered to the appellant *and* his attorney of record. The appellant argued that the August 12, 1968, decision of the commission was not a "final decision" because it did not contain certain matters as required by the Administrative Procedure Act and, further, that purported findings and conclusions were not supported by the record. The decision letter on its face would seem to satisfy the requirements of § 9–276.28. It was in writing and it contained findings and conclusions. It may be the August "decision" was latently defective or deficient but, nonetheless, it was a decision of which appellant had due and adequate notice, and unless he made a timely application for review he cannot now be heard to complain. Under Rule 72.1(d), W.R.C.P.,[1] a petition for review must be filed within 30 days after the final decision of the agency. Appellant failed to file a petition for review within 30 days, and the trial court was therefore not only entitled to dismiss appellant's appeal, but had no alternative but to do so.

Affirmed.

Mr. Justice GUTHRIE, not participating.

1. The pertinent portions of the rule provide: " * * * the petition for review shall be filed within thirty days after the final decision of the agency * * * except that upon a showing of excusable neglect based upon the failure of a party to learn of the decision or action, the district court may extend the time for filing the petition for review not exceeding thirty days from the expiration of the original time herein prescribed. * * "