**BALLARD E. SPENCER TRUST, INC., a corporation, Appellant,**

v.

**Rogers C. B. MORTON, Secretary of the Interior, et al., Appellees.**

**No. 75–1841.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted July 29, 1976.

Decided Nov. 22, 1976.

A. J. Losee, of Losee & Carson, Artesia, N. M., for appellant.

Maryann Walsh, Dept. of Justice, Washington, D. C. (Peter R. Taft, Asst. Atty. Gen., Washington, D. C., Victor R. Ortega, U. S. Atty., Albuquerque, N. M., James B. Grant, Asst. U. S. Atty., Albuquerque, N. M., and George R. Hyde, Atty., Dept. of Justice, Washington, D. C., with her on the brief), for appellees.

Before SETH, BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

This is an appeal from a summary judgment which upheld the determination by the Interior Board of Land Appeals that the offer filed by the Ballard E. Spencer Trust, Inc. ("BEST") for an oil and gas lease was properly rejected for failure to comply with federal regulations governing its submission.

On February 19, 1974, the Bureau of Land Management published a Notice of Lands Available for Oil and Gas Filings covering thirty-five parcels of land in New Mexico. The notice invited simultaneous filings of oil and gas lease offers according to the noncompetitive leasing provisions of the Mineral Leasing Act, 30 U.S.C. § 226(c), and 43 C.F.R. § 3110 et seq. Under the noncompetitive system, an interested party makes an offer to lease a particular parcel by filing an entry card with the Bureau of Land Management's State Office. Priority of filing is determined by a public drawing, and a lease is issued to the first drawee qualified to receive a lease. 43 C.F.R. §§ 3112.1, 3112.4–1. Qualifications for a lessee are set forth in the regulations, which require the listing of certain information on the entry card including the right to hold interest and parties to the offer. A corporation, such as BEST, is subject to a further requirement; in compliance with 43 C.F.R. § 3102.4–1, its offer must be accompanied by a statement showing corporate information or must list the serial number of the BLM file in which such information has been previously filed.

At the March 6, 1974, drawing for the parcels in New Mexico, BEST's entry card on Parcel 19 was drawn first. It was subsequently rejected for failure to meet the corporate qualifications requirement, as no affidavit of corporate qualifications was attached nor was there any reference on the card to BEST's serial number, since such information about BEST was already on file.

BEST then appealed to the Interior Board of Land Appeals. The Board upheld the State Office's rejection of BEST's offer for failure to include information required by regulation. 18 IBLA 25. Compliance at the time of filing a noncompetitive offer was held to be a reasonable requirement and one consistently enforced by the Secretary in noncompetitive drawings.

Upon appeal to the District Court, the parties submitted briefs in support of each one's motion for summary judgment, and the court, after review of those briefs, granted the Government's motion without opinion. It is from this order that BEST now appeals.

The scope of review here is limited to an examination of the administrative record to determine whether the federal agency's actions were arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2)(A), interpreted in *Nickol v. United States,* 501 F.2d 1389 (10th Cir.); *OKC Corp. v. Federal Trade Comm'n,* 455 F.2d 1159 (10th Cir.); *Vigil v. Post Office Dept. of United States,* 406 F.2d 921 (10th Cir.). Since there are no disputed facts in this case, the substantial evidence standard is inapplicable as only the agency's determination of the law is being reviewed here.

A review of previous agency rulings regarding this regulation and others like it convinces us that the Secretary was acting within his discretion and his decision was not arbitrary or capricious.

BEST's arguments against the Secretary's ruling assert an ambiguity in the entry card, the directory nature of the applicable regulation, and the inconsistent treatment of lease offers by the Secretary.

It is true the entry card in use at the time of BEST's offer did not provide a designated space for corporate information or a corporate serial number. It did, however, state a caveat reminding the applicant that he had to comply with 43 C.F.R. § 3102, which states the corporate qualifications requirements. This is sufficient notification of the need to comply. The absence of specific blanks on the entry card, however helpful they might have been, should not be considered sufficiently misleading to require construction against the agency providing the form. *See Silver*

*Monument Minerals Inc.,* 14 IBLA 137 (1974), citing cases.

■ The regulation has previously been determined by the Secretary to be mandatory. *Silver Monument, supra.* When the courts are called upon to review the Secretary's interpretation of regulations promulgated by him, his interpretation is entitled to deference. *Burglin v. Morton,* 527 F.2d 486 (9th Cir.), citing *Harvey v. Udall,* 384 F.2d 883 (10th Cir.). In light of this principle of review, and mindful of the consistency with which the Secretary has interpreted this regulation to be mandatory, BEST's attack fails.

■ BEST's final argument directs itself to this consistency. Comparing decisions arising in competitive offer situations to those in noncompetitive offer drawings, BEST sees a distinction in treatment it feels is unjustified. It is true that in the cases cited by BEST, failure to accompany entry cards with corporate information or serial numbers did not result in disqualification, and the successful applicants were allowed to cure these defects. *Ashland Oil & Refining Co.,* BLM 1968–48; *Kimbark Associates,* BLM 1969–40; *Okmar Oil Co.,* BLM 1970–12. All these cases involved, however, competitive offers where priority was determined by the amount bid rather than the order drawn. In such a situation, the rights of the second highest bidder are not infringed if the top bidder is given additional time to file a corporate qualifying statement. In noncompetitive bidding, though, the only difference between the entries is the order in which they are drawn. The applications are considered to have been simultaneously made. Giving an unqualified first-drawn entrant additional time to file does infringe on the rights of the second-drawn qualified offer. This distinction between noncompetitive and competitive offers is a valid one and justifies the difference in treatment accorded the classes by the Secretary.

The only decisions cited by either party involving nonqualifying offers in a noncompetitive, simultaneous drawing situation illustrate the consistency of the Secretary's

actions within the class—he rejects such bids. *Silver Monument, supra; Texas American Corp.,* 14 IBLA 217 (1974).

■ BEST has presented no argument justifying its claim that the Secretary acted in an arbitrary or capricious fashion in upholding the State Office's rejection of BEST's offer for Parcel 19. Nor did the Secretary abuse his discretion in so holding. As there was no disputed evidence here, the District Court correctly granted the United States' motion for summary judgment without detailing the supportive facts. *Heber Valley Milk Co. v. Butz,* 503 F.2d 96 (10th Cir.); *Nickol v. United States,* 501 F.2d 1389 (10th Cir.).

AFFIRMED.