**Joseph A. WINKLER,
Plaintiff-Appellant,**

**v.**

**Cecil ANDRUS, Secretary of the
Interior, Defendant-Appellee.**

**No. 77–1655.**

United States Court of Appeals,
Tenth Circuit.

Argued Jan. 22, 1979.

Decided Feb. 21, 1979.

Rehearing Denied April 27, 1979.

Richard C. Dibblee, Salt Lake City, Utah (Brigham E. Roberts, Salt Lake City, Utah, on the brief), for plaintiff-appellant.

Joshua I. Schwartz, Appellate Section, U. S. Dept. of Justice (James W. Moorman, Asst. Atty. Gen., Washington, D. C., Charles E. Graves, U. S. Atty., Cheyenne, Wyo., and Carl Strass, Dept. of Justice, Washington, D. C., on brief), for defendant-appellee.

Before SETH, Chief Judge, and BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is a review of a decision of the Interior Board of Land Appeals, which was carried out pursuant to 5 U.S.C. § 701 et seq. of the Administrative Procedure Act.

The plaintiff-appellant, Joseph A. Winkler, maintains that he is entitled to have the decision of the Interior Board of Land Appeals, dated April 29, 1976, reversed. This body rejected an offer made by Winkler for an oil and gas lease for failure of Winkler to comply with federal regulations. The contention is that this decision of the Interior Board of Land Appeals is arbitrary and capricious and an abuse of discretion. The plaintiff-appellant, Winkler, is shown to have participated in a drawing of an oil and gas entry card, an offer to lease parcels of land.

In August 1975, the Bureau of Land Management (BLM) published a "Notice of Lands Available for Oil and Gas Filings" covering certain lands in Wyoming. The notice invited simultaneous filings of oil and gas lease offers according to the noncompetitive leasing provisions of the Mineral Leasing Act, 30 U.S.C. § 226(c), and the regulations in 43 C.F.R. § 3110 et seq. Under this system, an interested party is allowed to offer to lease a particular parcel by filing a simultaneous oil and gas entry card with the BLM office. The priority of filing is determined by a public drawing from the entry cards on each parcel, and a lease is then issued to the first drawee (of three) qualified to receive a lease. 43 C.F.R. § 3112.2–1.[1] This provision requires that the entry card be signed and fully executed by the applicant or his duly authorized agent in his behalf. The difficulty that the Department found with respect to the entry card of plaintiff-appellant was that on the front side of it, the part which the card said would be returned if the offer were rejected, there was a stamp at the place calling for the name and address, which said "J.A. Winkler Agency" together with the address in Salt Lake City. The reason given for rejection by the BLM was that the "agency" implied that there was a corporation and explanations incident to corporate application were not supplied. However, the signature "Joseph A. Winkler" was on the card at the place where the applicant was required to sign. Thus this is the essential requirement. When the applicant appeared before the Interior Board of Land Appeals, he explained that he used the stamp that contained the word "agency" because he believed that that simply called for a return address and that "agency" is used because he conducts an insurance agency. It is, however, a sole proprietorship and not in any manner a corporation.

The decision recites the fact that he inadvertently stamped the front of the card with his office stamp and that he signed as

1. That regulation reads as follows:

    (a) *Entry Card.* Offers to lease such designated leasing units by parcel numbers must be submitted on a form approved by the Director, "Simultaneous Oil and Gas Entry Card" signed and fully executed by the applicant or his duly authorized agent in his behalf. The entry card will constitute the applicant's offer to lease the numbered leasing unit by participating in the drawing to determine the successful drawee.

Subsections (1), (2), (3) and (4) are omitted.

an individual, listing his Social Security number. He contended before the Interior Board that the BLM had erroneously applied the requirement that corporate qualifications be furnished.

The trial court, The Honorable Ewing Kerr, entered an order affirming the decision of the Interior Board of Land Appeals. Judge Kerr concluded that the Secretary did not act in an arbitrary or capricious fashion and did not abuse his discretion in rejecting plaintiff's offer for failure to comply with "mandatory federal regulations."

The only issue in this case is whether the inadvertent use of the stamp which said "agency" justified the Department's rejecting the offer, as it is called.

The government cites two decisions in support of the position taken by the Department of Interior. These are *Ballard E. Spencer Trust, Inc. v. Morton*, 544 F.2d 1067 (10th Cir. 1976), and *Shearn v. Andrus*, No. 77–1228 (10th Cir. September 19, 1977).

■ In the *Ballard E. Spencer Trust, Inc.* case it was clear that the offer was by a corporation. The designation "Inc." makes this plain. The abbreviation "Corp." or the abbreviation "Inc." would connote the same thing. On the other hand, use of the term "agency" indicates a sole proprietorship and not a corporation. In *Ballard E. Spencer Trust, Inc.*, there was a failure to comply with a specific requirement, the corporation qualifications requirement, where the applicant was unquestionably a corporation, a fact which was plain from a reading of the application. In this case we were careful to note:

It is true the entry card in use at the time of BEST's offer did not provide a designated space for corporate information or a corporate serial number. It did, however, state a caveat reminding the applicant that he had to comply with 43 C.F.R. § 3102, which states the corporate qualifications requirements. This is sufficient notification of the need to comply. The absence of specific blanks on the entry card, however helpful they might have been, should not be considered sufficiently misleading to require construction

against the agency providing the form. *See Silver Monument Minerals, Inc.*, 14 IBLA 137 (1974), citing cases.

544 F.2d at 1069–1070.

In *Shearn, supra,* the offeror violated a specific regulation, 43 C.F.R. § 3130.4–4, requiring the inclusion of a statement showing the extent of the offeror's ownership of the operating rights to the fractional mineral interest not owned by the United States in each tract covered by the offer to lease. This was, of course, a highly important and substantive problem. We said that it could not be disregarded, because if there was an interest it would introduce a conflict of interest problem. We pointed out in the *Shearn* case that the Secretary is entitled to make regulations determining the qualifications and that these are mandatory in all cases including those where the government owns a fifty percent interest in the operating rights of the parcel. We also held that the application of this requirement was not arbitrary.

■ The case at bar is far different from *Ballard E. Spencer Trust, Inc.* and *Shearn* because the Department itself made a mistake as to an obvious fact. The Department turned down this application on the basis that it was made by a corporation in violation of a regulation. When it learned that this was not a corporation it tried to adopt some alternative ground and did so as if it was determined to deny regardless of the facts. This is arbitrary and should not stand.

■ The term "agency" has no relation to the term "corporation." "Agency" suggests a "relation between two or more persons, by which one party, usually called the agent or attorney, is authorized to do certain acts for, or in relation to the rights or property of, the other, who is denominated the principal, constituent, or employer." *See Bouvier's Law Dictionary*, at 2687, Principal and Agent. Thus it does not in the least degree bring to mind a corporation.

The Model Corporation Act which is adopted by most states and which, for ex-

ample, is in force in Colorado, 1973 C.R.S. § 7–3–106, provides that all names of corporations must contain the word "corporation," "company," or "limited," or an abbreviation of one of those words. Therefore, the use of such a designation furnishes the sign that it is a corporation. Whoever made the decision that "agency" suggests a corporation misapprehended the meaning of "agency."

One wonders why the Department would become involved in a problem such as that which is present here. One explanation appears in the brief of the Department of Interior: "In the long run, the holding in this case will minimize challenges to BLM rulings." This is not a valid argument. Judicial decisions are not made so as to discourage assertion of rights in court. Moreover, the argument is not effective for the purpose offered. It is not sound to assume that a citizen will accept as the last word an adverse ruling such as this; one which is founded on a trivial and inconsequential point. The Department would have served justice in a better way if it had recognized and acknowledged the lack of substance in its position. Had it done so, it would have been simple for the Department, once it became clear that the corporation assumption by it was purely a misunderstanding on its part, to have stricken the word "agency" as surplusage and to have allowed the application.

For these reasons then, we conclude that the order of the Department must be and the same is hereby vacated. The matter is remanded to the district court with directions that it remand to the Secretary to grant the requested relief.