**Susan DAWSON, Plaintiff-Appellant,**

v.

**Cecil ANDRUS, Secretary of the Interior, and the United States Department of the Interior, Defendants-Appellees.**

**No. 79–1407.**

United States Court of Appeals, Tenth Circuit.

Submitted Dec. 31, 1979.

Decided Jan. 15, 1980.

James A. Holtkamp, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for plaintiff-appellant.

James W. Moorman, Asst. U. S. Atty. Gen., and Robert L. Klarquist and James C. Kilbourne, Dept. of Justice, Washington, D. C., for defendants-appellees.

Before PICKETT, McWILLIAMS and BARRETT, Circuit Judges.

PICKETT, Circuit Judge.

After exhausting her administrative remedies,[1] Susan Dawson brought an action in the United States District Court for the District of Wyoming for a review of the action of the Secretary of the Interior (Secretary) holding that she was disqualified for a federal oil and gas lease on a tract of land in Wyoming. The disqualification resulted from a failure to pay the first year's lease rental within the time required by the rules and regulations of the Bureau of Land Management (BLM). The Secretary filed a motion for dismissal of the action on the ground that it was not brought within the time limit of 30 U.S.C. § 226–2, and the trial court denied the motion. The case was then submitted on stipulated facts from which the trial court found that the action of the BLM was not arbitrary or capricious, and was sustained by the evidence. Judgment was entered accordingly. Dawson appeals from the judgment of the trial court.

In the stipulation of facts, it was agreed that Dawson was entitled to the first priority to a federal oil and gas lease on a tract of land as a result of a drawing held by the Wyoming office of the BLM on September

---

1. This included an appeal to and a decision of the Interior Board of Land Appeals (IBLA). 35 IBLA 123.

19, 1977,[2] and that on September 24, 1977 she received a notice that the first year's lease rental was $1,281.00. It was also stipulated that this amount was due on October 11, 1977, and that on October 4, 1977, the BLM received Dawson's bank check which contained the correct figure amount of $1,281.00, but had as the written amount the words "One thousand eighty-one and 00/100." The check was not presented to the bank for payment but was returned to Dawson with a request for a correct remittance. On October 14, 1977, the BLM received another check, the written portion of which was for the correct amount of "one thousand two hundred and eighty-one" dollars, but the figure was for "$1,280.00." This check was also returned with a request for the amount due. On October 25, 1977, the BLM received a third check for the sum of $1,280.00. On October 28, 1977, the BLM notified Dawson that her offer to lease the tract of land in question was disqualified for failure to pay the first year's rental within the time provided for in the applicable regulations.

The first question arises from the Secretary's contention that this action was not commenced within 90 days after the final decision of the Interior Board of Land Appeals, and that the court erred in not sustaining its motion to dismiss for that reason. There is doubt as to whether this issue can be considered in the absence of a cross-appeal.[3] The question was not raised or briefed by either party. Therefore, in view of our conclusion on the merits of the case, we shall refrain from deciding the statute of limitations question.

■ The complaint alleges, and it is contended here, that the decision of the BLM to disqualify Dawson's offer for an oil and gas lease on a tract of land in Wyoming was arbitrary, capricious, an abuse of discretion, and was not sustained by the evidence. In making its decision, the BLM assumed that the first year's lease rental

had not been paid within 15 days after receipt of notice, and relied on the mandatory regulations of the Department of the Interior, which provide, in 43 C.F.R. 3112.-4–1 (1977):

A lease will be issued to the first drawee qualified to receive a lease upon payment of the first year's rental. Rental *must* be received in the proper office of the Bureau of Land Management within fifteen (15) days from the date of receipt of notice that such payment is due. The drawee failing to submit the rental payment within the time allowed will be *automatically disqualified* to receive the lease, and consideration will be given to the entry of the drawee having the next highest priority in the drawing. (Emphasis added)

■ There was a $200.00 discrepancy between the written words and figures on the only check submitted within the 15-day period. There was no ambiguity in the written words. They specifically authorized the payment of the sum of "One thousand eighty-one and 00/100" dollars. This was the most that could have been legally paid by the bank on the check. Ordinarily, where there is a discrepancy between the words and figures expressing the amount to be paid on a check, the words control. Wyo.Stat. § 34–21–318; 11 Am.Jur.2d *Bills and Notes* ¶ 158. It is argued that the BLM was not authorized to make this judgment and should have presented the check to the bank, which might have paid the amount of $1,281.00. There is no requirement that the BLM follow such a procedure in the course of conducting its business. The obligation was on Dawson to make payment of the first year's lease rental within the specified fifteen days.

■ The Mineral Lands Leasing Act, 30 U.S.C. § 181, et seq., gives the Secretary of Interior broad power for the issuance of oil and gas leases on public lands, including the promulgation of regulations applicable

---

2. This lease was described as United States Oil and Gas Lease No. W–60879, Parcel Wy–104.

3. *Morley Construction Co. v. Maryland Casualty Co.*, 300 U.S. 185, 191, 57 S.Ct. 325, 81 L.Ed. 593 (1937); *Peoria Ry. Co. v. United States*, 263 U.S. 528, 536, 44 S.Ct. 194. 68 L.Ed. 427 (1924).

thereto. In construing an administrative regulation, the courts necessarily look to administrative construction given to the meaning of the language used in the regulation, and such interpretation is controlling unless "plainly erroneous or inconsistent with the regulation." *Udall v. Tallman*, 380 U.S. 1, 17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965), quoting from *Bowles v. Seminole Rock Co.*, 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945). See also *Ballard E. Spencer Trust, Inc. v. Morton*, 544 F.2d 1067 (1976), and cases cited.

■ Regulation 43 C.F.R. § 3112.4–1 has been in effect for many years. The BLM has consistently construed the payment of the first year's rental within 15 days to be mandatory. In the appeal of Jack Koegel, 30 IBLA 143 (1977), the Board said:

This regulation is reasonable and necessary to expeditious administration of the Bureau's business. The conduct of government business cannot be compelled to wait the pleasure or convenience of those persons who seek to deal with it. Failure to comply within mandatory time limits following service compels rejection of the offer. *Robert D. Nininger*, 16 IBLA 200 (1974), *aff'd Nininger v. Morton*, Civ.No. 74–1246, (D.D.C., March 25, 1975).

See also *Carma M. Polley*, 29 IBLA 304 (1977); *Duncan Miller*, 17 IBLA 267 (1974); *John Oakason*, 13 IBLA 80 (1973); *Ballard E. Spencer Trust, Inc. v. Morton*, supra.

Although the result may seem harsh, we find no reason to disturb the established procedure of the Department of Interior in connection with the granting of oil and gas leases on public lands.

AFFIRMED.