**Robert J. AHRENS, et al., Appellees,**

v.

**Cecil D. ANDRUS, Secretary of the Interior of the United States of America,**

**Willard B. Brown, Intervening Appellant.**

**Nos. 80–1901, 80–1979.**

United States Court of Appeals, Tenth Circuit.

Oct. 13, 1982.

Laura E. Frossard, Dept. of Justice, Washington, D. C. (Sanford Sagalkin, Acting Asst. Atty. Gen., Washington, D. C., Charles E. Graves, U. S. Atty., Jeffrey C. Fisher, Asst. U. S. Atty., Cheyenne, Wyo., and Edward J. Shawaker, Dept. of Justice, Washington, D. C., with her on the brief),

for appellant Cecil D. Andrus, Secretary of the Interior.

John D. Erdmann, Guy, Williams, White & Argeris, Cheyenne, Wyo., for intervening appellant Willard B. Brown.

Craig R. Carver, Head, Moye, Carver & Ray, Denver, Colo. (George M. Porter, Williams, Porter, Day & Neville, Casper, Wyo., with him on the brief), for appellees.

Before DOYLE, McKAY and SEYMOUR, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This action arises under the Mineral Lands Leasing Act of 1920, 30 U.S.C. § 181 *et seq.* (1976). Particularly the case involves the issue whether the secretary was correct in upholding Bureau of Land Management rulings which voided certain awards of leases based upon the fact that there was a failure to set forth the particular date in conjunction with each signature on the drawing entry cards referred to as DECs.

The non-competitive oil and gas leasing system works in the following manner. The BLM office of each state involved in the program publishes a monthly notice of lands available for oil and gas leasing. It invites interested parties to offer to lease such parcels by filing the cards referred to above, i.e. the DECs, within a certain period of time. Those received during the specified period are considered simultaneously entered in the drawing for the particular parcel, and priorities are determined by random selection of these cards at the drawing.

The first qualified applicant must be awarded the lease; i.e. the applicant whose card is drawn first in the lottery and which satisfies the qualifications for lease applicants set by BLM's rules and regulations. If the first drawee is found not qualified, then the second drawn DEC is similarly scrutinized. If an applicant whose card is drawn as top priority is rejected by the BLM, he has the right to prove that he is "the first qualified applicant" and thus entitled to the lease. 30 U.S.C. § 226–2 (1976); 43 C.F.R. §§ 4.410, 3100.0–9 (1978).

In the case before us the plaintiffs operated through a filing service. Stewart Capital Corporation filed applications for oil and gas leases covering certain tracts in Wyoming, New Mexico and Montana. Each application was filled out on behalf of two or more of the plaintiffs by Stewart. Facsimile signatures of the appropriate applicants were placed on each DEC and simultaneously dated pursuant to the mentioned regulation. Stewart timely filed each of the subject DECs, along with the required statements describing the services it had provided for its customers, particularly noting that it had affixed facsimile signatures and had dated each card. Each of the subject DECs was drawn first in its respective drawings. BLM, however, rejected each application on the ground that the DEC had not been signed and fully executed under the regulation. Specifically it was found that Stewart's placement of only one date next to all signatures on the card rather than a separate date next to each signature on the card constituted grounds for rejection of the offer. A departmental ruling, *Thomas v. Gullo,* 29 IBLA 126 (1977) supported this ruling. The drawees exercised the right of appeal to the Interior Board of Land Appeals and that body affirmed the BLM ruling in three separate decisions. The IBLA holding in each case was that a DEC filed by multiple offerors was properly rejected when the offerors failed to enter the date immediately opposite the signature on the card.

In June 1979 the plaintiffs sought review of the IBLA rulings by the United States District Court for the District of Wyoming. While the case was pending, BLM state offices in Wyoming and Montana issued leases for two of the parcels in dispute to the second drawee for those parcels. The BLM offices had not been advised of the pending appeals. The department's actions were clearly inconsistent with instruction memorandum No. 79–323 issued to all state offices on March 16, 1979. This memorandum provided that (a) no lease was to issue for a period of 120 days following the is-

suance of an IBLA ruling on that lease in order to maintain the status quo pending possible commencement of judicial review and (b) no lease was to be issued during the pendency of any such judicial review. The leases issued to the second drawees were for Montana parcel No. M–38285 to Mr. Joel Held, an attorney from Dallas, Texas, and for Wyoming parcel No. W–61260 to Mrs. Ruby C. Bell from New Orleans, Louisiana.

The parties, upon discovery of the transfers, reached a stipulation and order which provided that the secretary would not approve any further assignments of the other disputed leasehold interests until the instant litigation had been concluded. Moreover the United States attorney and counsel for the first drawees agreed that the government should notify Mr. Held and Mrs. Bell of the situation and advise them to intervene and present their arguments, if any, to the district court. Another second drawee, Willard B. Brown, already had chosen to intervene in the case. Mrs. Bell did not respond to the United States Attorney's letter and invitation to intervene. Mr. Held wrote a long letter but declined to intervene and on January 20, 1980 filed suit in the United States District Court for the Northern District of Texas seeking either an injunction against the secretary to prohibit interference with Held's alleged property rights or $35,000 and a five percent overriding royalty interest in the lease as damages.

Thereafter the Wyoming court heard arguments on the secretary's motion to join Held and Bell as indispensable parties and on cross motions for summary judgment. On July 23, 1980 the court issued its order denying both of the secretary's motions and granting the plaintiff's motion for summary judgment. The court ruled that Held and Bell were not indispensable parties because the dispute before the court involved only whether the secretary improperly rejected the plaintiffs' applications for oil and gas leases. Appearances by Mr. Held and Mrs. Bell were not necessary for complete relief to be accomplished with respect to the action before the court. With regard to the merits, the court found that the ruling of

the IBLA affirming BLM's denial of the leases to the first drawees was based on "trivial, super-technical and inconsequential" reasons which contravene the congressional purpose of the non-competitive leasing program. The ruling of the IBLA affirming the BLM was therefore arbitrary and capricious, constituting an abuse of discretion requiring reversal.

The court did not cancel the leases of Held or Bell but ordered the secretary to do so on remand and to award and issue the leases to the first drawees. Mr. Brown and the secretary filed a timely notice of appeal from the decision of the district court. On September 19, 1980 Held filed motions in the Texas action for a temporary restraining order and summary judgment. Thereafter, however, Held agreed with the United States Attorney handling that case not to go forward with those motions until the outcome of the instant appeal had been determined. On this appeal the secretary has elected not to challenge the district court's finding that the IBLA erred in denying leases to the plaintiffs. Thus, only Mr. Brown addresses that issue. The secretary appeals the district court's ruling that Held and Bell are not indispensable parties.

We previously noted that the trial court granted the motions for summary judgment ruling that the absence of a date free signature was a "trivial, super-technical and inconsequential" reason for invalidating an applicant's DEC. This court's opinion in *Winkler v. Andrus,* 594 F.2d 775 (10th Cir. 1979) was relied on. That case held that the denial of an application for inconsequential technical defects as opposed to substantive errors was inappropriate. Also considered was the IBLA's recent decision in the case of *Eugene S. Ribbik, et al,* 44 IBLA 318 (1979), noting that absence of a date next to one of three signatures was not grounds for rejection where both date boxes had been properly completed. The court further observed that failing to date each and every signature had no negative impact on the processing procedures applicable to DECs. The court noted that each of the cards was dated. It was plain that

only the filing date was important, and thus it added nothing to have a date opposite the signature in each instance.

We are called upon to consider two issues:

(1) Whether the presence of only one date for all facsimile signatures on each card was sufficient to render the twenty-one DECs defective.

(2) Whether Held and Bell are indispensable parties who must be joined prior to the granting of relief.

## I.

### WHETHER DATES MUST BE OPPOSITE EACH OF THE FACSIMILE SIGNATURES

We conclude that the district court properly found such a requirement to be inappropriate. The Department, as we have indicated, elected not to contest the district court's decision on this issue, apparently because it has developed new regulations to eliminate the problematic leasing applications decisions of the past.

Willard Brown devotes his entire brief to the issue. He argues that the district court repudiated the Department's interpretation of its own DEC regulation for no good reason. The IBLA's decisions should be accorded great deference. Though the applicable leasing regulation does not expressly require each signature to be dated, the IBLA had read in such a requirement in the *Gullo* decision. The IBLA's subsequent rulings in the three cases being reviewed by the district court were consistent with *Gullo* and did not amount to an abuse of discretion. Brown further contends that this court's earlier decision in *Winkler,* supra, does not mandate a contrary result because omitting a date is a "substantive" error and could impair the efficacy of the DECs processing. Likewise Brown argues that the IBLA's very recent *Ribbik* opinion holding valid a DEC with one undated signature is distinguishable from the instant case.

We must reject Mr. Brown's contentions. Appellees' argument in response to Brown is that the district court's decision is in accordance with the applicable Tenth Circuit precedent and with the views that the IBLA is increasingly adopting. 43 C.F.R. § 3112.2–1, the applicable leasing regulation, which merely requires a fully executed DEC; the IBLA's ruling that "fully executed" means a date for each signature finds no support either in the regulation or in the Mineral Leasing Act itself. A signature date requirement serves no important purpose; the only material date is the one on which the DEC itself is filed with the Department. This court's *Winkler* ruling established that non-substantive errors are inappropriate grounds for finding applications defective.

In accordance with this view the IBLA has begun to modify its own position as the *Ribbik* opinion indicates.

We have examined the very thorough opinion of Chief Judge Brimmer of the United States District Court for the District of Wyoming. The opinion is carefully reasoned, and the facts are undisputed. It was appropriate for the trial court to grant the motion for summary judgment.

## II.

### THE INDISPENSABLE PARTY ISSUE

All the parties before us briefed this issue. Joel Held, the second priority applicant who was awarded lease No. M–38285, has apparently resolved his differences with the several appellees whose names were on the first-drawn DEC for that lease. This court granted a motion to remand that part of the case for a stipulated dismissal, thus taking the issue of Held's joinder out of the case. The issue of Ruby Bell's joinder may be still viable, though Ms. Bell has shown no interest in participating in this lawsuit.

The Department of the Interior devoted its brief to the joinder issue while at the same time conceding the issue of the date requirement. As to joinder, the Department argues that failure to join may subject the Department to inconsistent obligations or multiple liability. In addition, the Department argues, Bell can be readily

joined; she is subject to service of process in Wyoming, the locus of the action. The Department cites numerous cases in which lessees were found to be indispensable parties in actions by others with prior claims on contested leaseholds, and urges that joinder is particularly appropriate where dismissal would not be required by the finding of indispensability.

Appellant Willard Brown does not address the joinder issue in his brief, but focuses rather on the date of signature issue.

Appellees urge in response to the Department that the trial court was correct in granting relief in the absence of Held and Bell. They continue their argument that the issue before the court was not who was entitled to the leases, in which case Held and Bell would be indispensable parties. Instead it was the more narrow issue of whether the first drawees were qualified applicants for the leases. The district court order did find that the first drawees were the qualified applicants. The district court went further and cancelled Held's and Bell's leases and awarded them to appellees, but appellees say that this only was equivalent to merely directing the Department to find that the appellees were properly qualified applicants.

The Department can then exercise its discretion to void the Held and Bell leases and award those leases, as well as the other nineteen, to appellees.

In oral arguments in connection with this appeal the Department and the appellees suggest that instead of bringing Bell into the lawsuit that we uphold the district court judgment insofar as it directs the Department to issue the leases to all the first drawees but reverse insofar as it directs the cancellation of Bell's lease. As we see it this is a practical solution to this unusual problem, in which the circumstances are somewhat unique. Out of the several leases involved in this appeal only one was awarded to a second drawee, Bell, whose rights have not now been settled like Held's, or who is not a party to this lawsuit like Brown. It was subsequently taken

away from her and awarded to the appellees. Bell was asked to intervene and chose not to. For that reason she is not a party. For that reason also any rights which she may have cannot be adjudicated in this lawsuit. As a result she is free to litigate elsewhere. In order to avoid subjecting the Department to inconsistent obligations we reverse the judgment only insofar as it directs the department to cancel Bell's lease.

In all other respects, that is the award of the leases to the original drawees, the judgment is in all respects affirmed.