**Joseph A. WINKLER,
Plaintiff-Appellant,**

v.

**TEXOMA PRODUCTION COMPANY, a corporation, and Terra Resources, Inc., a corporation, Defendants-Appellees.**

No. 83–1219.

United States Court of Appeals,
Tenth Circuit.

April 1, 1985.

Rehearing Denied May 10, 1985.

Richard C. Dibblee of Black & Dibblee, Salt Lake City, Utah, for plaintiff-appellant.

Robert J. Kapelke of Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo. (Charles W. McDermott and Ronald E. Fuller, Denver, Colo., with him on brief), for defendant-appellee Texoma Production Company.

Jack A. Canon and William H. Everett III, Tulsa, Okl., on brief for defendant-appellee Terra Resources, Inc.

Before McKAY and SETH, Circuit Judges, and RUSSELL, District Judge *.

PER CURIAM.

This is a suit to quiet title to several federal oil and gas leases. The plaintiff became the lessee of record following litigation over a drawing held on simultaneous filings, and following administrative remedies initiated by plaintiff. The suit seeks to remove from the leasehold the operating interests of appellees thereon which had been assigned to them by the previous lessee before it was divested of the lease as a result of the litigation.

The appellees had not been involved in the previous suits. The trial court held that the plaintiff could not prevail because he had not exhausted his administrative remedies before filing this suit, and held also that the appellees were bona fide holders of the assignments. The plaintiff has taken this appeal.

The parties agreed that the case could be tried on the Bureau of Land Management (BLM) files and records, and that no wit-

---

* Honorable David L. Russell, United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

nesses would be called. This was done. The basic issues are fact questions and the clearly erroneous rule applies although the evidence is documentary. *United States v. Goldfield Corporation*, 384 F.2d 669 (10th Cir.1967).

At the drawing the plaintiff's was the first application drawn, but was disqualified by reason of a defect in the application. The BLM then designated the second applicant drawn as the lessee. This person assigned the lease to a lessee which made the assignments to appellees but this assigning lessee was later divested of the lease and plaintiff instead was named lessee as mentioned above. *See Winkler v. Andrus*, 594 F.2d 775 (10th Cir.1979), and *Winkler v. Andrus*, 614 F.2d 707 (10th Cir.1980).

The response of the BLM to the last court judgment which held plaintiff was entitled to the lease was by a communication to plaintiff and for the record dated December 29, 1980. The central issue in this quiet title action centers on this letter or order or decision, whatever it may be.

This December 29th communication states in part, after a recitation of some of the history:

"Pursuant to an Order of the United States District Court for the District of Wyoming, we are holding that the original lease, W 52387 was improperly issued to A. Lansdale and improperly assigned to Davis Oil Company, and the operating rights in leases W 65847 and W 65848 were improperly assigned to Marvin Davis.

"Therefore, we are holding the interests of A. Lansdale, Davis Oil Company and Marvin Davis are void and Joseph A. Winkler is substituted as record title holder and/or operator of the three leases, subject to outstanding interests of other parties not adjudicated by the Court.

"Our records now show the interests in these leases are as following:

W 52387: ....

Record title and Operating Rights:

| | |
|---|---|
| Joseph A. Winkler | 100% |

Overriding Royalty:

....

[Shows 3% in defendants not parties to this appeal.]

W 65847: ....

Record title:

| | |
|---|---|
| Joseph A. Winkler | 100% |

Operating Rights as to all land, all depths:

| | |
|---|---|
| Texoma Production Company | 50.00% |
| Terra Resources, Inc. | 25.00% |
| Joseph A. Winkler | 25.00% |

Overriding Royalty:

....

[As for W 52387.]

W 65848: ....

Record title:

| | |
|---|---|
| Joseph A. Winkler | 100% |

Operating Rights as to all land, all depths:

| | |
|---|---|
| Texoma Production | 50.00% |
| Terra Resources, Inc. | 25.00% |
| Joseph A. Winkler | 25.00% |

Overriding Royalty:

...."

[As for W 52387.]

The communication was followed very soon (January 1981) by an application for writ of mandamus filed by the plaintiff in the United States District Court for Wyoming which sought to have the agency directed to issue a lease showing the entire leasehold interest in him with no operating rights or overrides against it. This suit thus sought to cancel the assignments of partial interests or burdens held by appellees and others. This reaction of plaintiff shows that the BLM's position as to the outstanding interests was contrary to plaintiff's expectations. It substantially reduced his interest in the lease.

The announced determination by the BLM was thus contrary to plaintiff's position as to all parties and interests not included in the litigation. The outstanding interests as recited by the BLM were substantial. However, plaintiff sought no administrative appeal and instead applied to the courts. Relief by mandamus was de-

**1362**

nied. *Winkler v. Kerr*, No. 81–1276 (10th Cir.). The plaintiff then began this quiet title suit again seeking a judicial remedy to remove the assignments of appellees burdening the lease.

We must conclude, as did the district court, that the December 29th communication from the BLM was a "decision" which necessitated an appeal if it was contrary to plaintiff's interest. It was a decision that there were the described assignments of operating interests against the lease which were valid as far as the BLM was concerned. The assignments had theretofore been approved by the BLM. Plaintiff had knowledge of the assignments and is charged with knowledge of the BLM approval. These events took place long before the BLM "decision." The plaintiff apparently wrote a letter to the BLM in response to the decision but as mentioned made no attempt to take an appeal. An administrative appeal was required under the circumstances within 30 days. 43 C.F.R. § 4.411(a). *Geosearch, Inc. v. Andrus*, 508 F.Supp. 839 (D.Wyo.).

It is not necessary to quote or discuss the requirements set forth in the statutes and the regulations as to the use of administrative remedies in these circumstances. *See* 43 C.F.R. § 4.411(a) and 43 C.F.R. § 4.21, 30 U.S.C. § 226–2; *McKart v. United States*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

We considered the doctrine of exhaustion of administrative remedies in *Franks v. Nimmo*, 683 F.2d 1290 (10th Cir.1982). Exhaustion is required in these circumstances as the trial court indicated. We hold that, in view of our opinion in *Winkler v. Andrus*, 614 F.2d 707 (10th Cir.), we cannot decide the case on the merits as did the trial court in its determination of the bona fide purchaser issue as to appellees.

Thus the case is remanded with directions to dismiss the complaint of plaintiff and the action.

IT IS SO ORDERED.