Theodore F. REGAN, Appellant (Plaintiff below),

.v.

CITY OF CASPER, Appellee (Defendant below).

No. 4037.

Supreme Court of Wyoming.

March 16, 1972.

Rehearing Denied April 10, 1972.

————◆————

Raymond B. Whitaker, Casper, for appellant.

H. B. Harden, Jr., City Atty., and Richard E. Day, of Wehrli & Williams, Casper, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This case involves the same parties as the cause entitled Theodore F. Regan, Appellant, v. City of Casper, Appellee, and decided this date as case number 4036, 494 P.2d 933.

On December 30, 1966, appellant filed a claim with the City of Casper for salary from January 6, 1966 to December 31, 1966, as an engineer for the City of Casper Fire Department, in the sum of $6,372, and for costs to procure reinstatement as an engineer of the City of Casper Fire Department in the sum of $1,000. On January 18, 1967, appellant was notified the claim was denied, and on January 24, 1967, he filed in the district court a notice of appeal from the decision of the City of Casper rejecting and denying his claim. On May 3, 1971, the city filed a motion to dismiss upon the grounds there was no statutory provision for an appeal from decisions of the city as to claims for salaries. The trial court entered its order granting the city's motion on June 10, 1971, from which order the appellant brings this appeal.

Appellant stated as points relied upon for reversal that he fully complied with the provisions of § 15.1–255, W.S.1957 (C.1965), for appeal from action on claims, and that he was properly before the district court when the matter was heard. The sole issue involves the construction of § 15.1–255, which provides as follows:

"When any claim against the city is disallowed, in whole or in part, the claimant may appeal from the decision of the governing body to the district court of the district in which the city or town is situated, by filing notice of appeal with the manager within ten days after the decision is made, giving security for costs to be approved by the manager. The manager shall forthwith notify the city attorney of the appeal. When any claim for more than one hundred dollars ($100.00) is allowed, no warrant may be issued for its payment until ten (10) days after allowance. Within ten days the city attorney may, and upon written demand of ten (10) resident taxpayers he shall, take an appeal from the decision to the district court in the manner above provided. The taxpayers making the demand are liable for the costs of the appeal if it is decided against the city. When taxpayers demand an appeal they shall file with the manager a bond approved by him, to secure the payment of costs. If the appeal is perfected the proceedings shall be the same as provided by law for appeals from the board of county commissioners in like matters. *The word 'claim' as used in this section means claims as are presented for audit, and not claims for salaries of officers and employees or other fixed charges against the city or town.*" (Emphasis supplied.)

This section precludes the utilization of appeal proceedings from a decision of the city council on a claim for salaries of officers and employees. The language is clear and unambiguous. The city argued—and appellant did not argue otherwise—that upon rejection of his claim for wages allegedly due, appellant was free to pursue an action directly against the city.

Affirmed.

Mr. Justice GUTHRIE, not participating.