Walter M. SORENSEN, Plaintiff,

v.

Cecil D. ANDRUS, Secretary of the Interior, and Daniel P. Baker, State Director, Bureau of Land Management, Department of the Interior, Defendants.

No. C77–250K.

United States District Court,
D. Wyoming.

Sept. 12, 1978.

William M. Sutton, Cheyenne, Wyo., and Carleton L. Ekberg, Denver, Colo., counsel, for plaintiff.

Charles E. Graves, U. S. Atty., Cheyenne, Wyo., and John E. Lindskold, Dept. of Justice, Washington, D. C., counsel, for defendants.

## MEMORANDUM OPINION

KERR, District Judge.

This is an appeal from a decision by the Interior Board of Land Appeals (IBLA) on the sufficiency of the date on simultaneous oil and gas entry cards.

Under the provisions of 43 C.F.R. 3112 (1977) the plaintiff, Walter Sorensen, filed a Simultaneous Oil and Gas Entry Card for two parcels of land with the Wyoming State office of the Bureau of Land Management (BLM), Department of the Interior. In the February 1977 list of lands available, plaintiff filed card No. W–58741 for parcel No. Wy–241. In the March 1977 list of parcels, plaintiff filed card No. W–58911 for parcel No. Wy–66. The entry cards were dated "2/77" and "3/77" respectively. Both entry cards received first priority in the respective drawings.

In separate decisions dated March 30 and May 10, 1977, the Wyoming State office rejected plaintiff's lease offers because the entry cards were not "fully executed" in accord with 43 C.F.R. 3112.2–1(a) (1977):

(a) Entry card offers to lease such designated leasing units by parcel numbers must be submitted on a form approved by the Director, "Simultaneous Oil and Gas Entry Card" signed and fully executed by the applicant   .   .   .

Timely appeals from both decisions were made to the IBLA and consolidated at the request of the plaintiff. On October 21, 1977 the IBLA affirmed the decisions of the Wyoming State office, Walter M. Sorensen, 32 IBLA 345 (1977).

On December 15, 1977 plaintiff filed a Complaint for Declaratory Relief in the Federal District Court of Wyoming. The defendants filed their Answer on February 16, 1978. The parties agree that there is no dispute as to any genuine issue of fact and the question to be resolved is one of law.

The appropriate standard for judicial review of administrative decisions is provided by the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (1970). It states in part:

The reviewing court shall   .   .   .

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law   .   .   .

Since there are no disputed facts in this case, the substantial evidence standard is inapplicable as only the agency's determination of the law is being reviewed. *Ballard E. Spencer Trust, Inc. (BEST) v. Morton*, 544 F.2d 1067, 1069 (10th Cir. 1976).

The Mineral Leasing Act's provisions (30 U.S.C. § 226(c) 1970) require that a noncompetitive oil and gas lease on federal lands be issued, if at all, to the first qualified applicant. Pursuant to § 32 of the Mineral Leasing Act, the Secretary of the Interior (Secretary) was authorized to adopt regulations to implement the provisions of the Act.

The simultaneous filing procedure, 43 C.F.R. 3112 (1977) was adopted to identify the first qualified applicant. Under this procedure, the BLM prepares and posts each month a list of lands which are subject to the simultaneous filings of lease offers. Offers may be filed for five working days

following the posting of the list on an entry card designated by the Director of the BLM. All entry cards received are deemed to be received on the last day allowed for filing. A drawing is then held to determine the priority of applicants to receive a lease. 43 C.F.R. 3112.2–1(a)(3) (1977). The applicant with the highest priority who is also qualified to receive a lease is the party to whom a lease is issued. 43 C.F.R. 3112.4–1 (1977). Although the Secretary must lease to the first qualified applicant, he has the power and discretion to determine who is the first qualified applicant. *Thor-West-cliffe Development, Inc. v. Udall*, 114 U.S. App.D.C. 252, 314 F.2d 257 (1963), cert. denied, 373 U.S. 951, 83 S.Ct. 1681, 10 L.Ed.2d 706 (1963).

The signing and dating of the entry card is a certification of the applicant's qualification to lease at that particular time. These qualifications include citizenship, status as a sole party in interest, extent of oil and gas interests and the fact that the applicant has filed only one entry card per parcel.

The sole issue before the court is whether the Secretary's interpretation of the regulation, in particular the words "fully executed", is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

■ When faced with a problem of statutory construction, the courts show great deference to the interpretation given the statute by the officers or agency charged with its administration. When the construction of an administrative regulation rather than a statute is in issue, deference is even more clearly in order. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1964).

"Since this involves an interpretation of an administrative regulation a court must necessarily look to the administrative construction of the regulation if the meaning of the words used is in doubt . . . [T]he ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Bowles v. Seminole Rock Co.*, 325 U.S. 410, 413–414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700 (1944).

The BLM has consistently held that strict compliance is required in applications to lease. A notice published in the Federal Register specifying the correct entry form to use in lease offers under the regulation stated, "Failure to complete any part of the card will disqualify the applicant from participation in the drawing . . ." 39 F.R. 24523 (1974). Decisions by the IBLA have made it clear that no mistakes will be permitted, e. g. Raymond F. Kaiser, 27 IBLA 373 (1976) (omission of the applicant's zip code); Gerald C. Calhoun, 27 IBLA 362 (1976) (failure to include the state in which the lands are located); Ray Flamm, 24 IBLA 10 (1976) (post-dating the card); Grace M. Williams, 26 IBLA 232 (1976) (return address omitted); and, most significant for this determination, Helen E. Ferris, 26 IBLA 382 (1976) (incomplete date, no day of the month). This decision was upheld by the IBLA in Robert J. Burkhill, 28 IBLA 76 (1976) (incomplete date, no year). The decisions cited are all based on the requirement in the regulation that each card be "fully executed."

■ The Secretary's interpretation of the word "date" as necessarily including day, month and year is in accord with law as well as popular usage.

"The date in its ordinary meaning imports the day, month, and year and this is also the legal significance of the word, and unquestionably is the popular as well as the technical meaning, the day of the month being quite as much a part of the date as the month or year. When day, month, and year are thus stated, the term is definite, certain, and complete." *Gray v. Reorganized School District R–4 of Oregon County*, 356 S.W.2d 55 (Mo.1962).

Also see the cases collected in Words and Phrases under the word "Date".

■ The Secretary's decision in this case was not arbitrary nor capricious and it has a rational basis. The Secretary followed his own regulations as he was bound to do.

*Service v. Dulles,* 354 U.S. 363, 388, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957). "If the Secretary is to fulfill his obligation to lease to the first qualified applicant, as strict a compliance with the regulations as possible is necessary." *Michael Shearn v. Cecil D. Andrus,* No. 77–1228, Slip Op. at 6 (10th Cir. Sept. 19, 1977).

 The Secretary's construction of the Interior Department's regulation that "fully executed" means the date on the entry card must contain the day, month, and year is reasonable and in accordance with the law and, as such, is entitled to great deference. A Secretary's rulings are not overturned unless clearly wrong, or inconsistent with the regulation. *Ballard E. Spencer Trust, Inc. (BEST) v. Morton,* 544 F.2d 1067 (10th Cir. 1976); *Gray v. Johnson,* 395 F.2d 533 (10th Cir. 1968), cert. denied, 392 U.S. 906, 88 S.Ct. 2056, 20 L.Ed.2d 1364 (1967); *U. S. v. Southwest Potash Corporation,* 352 F.2d 113 (10th Cir. 1965); *Robertson v. Udall,* 121 U.S.App.D.C. 218, 349 F.2d 195 (1965); *Morgan v. Udall,* 113 U.S.App. D.C. 192, 306 F.2d 799 (1962).

The decision of the Interior Board of Land Appeals rejecting plaintiff's simultaneous oil and gas offers is affirmed and judgment will be entered in conformity with this memorandum.