FOREMOST LIFE INSURANCE COMPA-
NY, and U.S. Life Credit Life Insurance
Company, Appellants (Petitioners),

v.

John T. LANGDON, as Insurance Commis-
sioner of the State of Wyoming, and
The Wyoming Insurance Department,
Appellees (Respondents).

Nos. 5488, 5489.

Supreme Court of Wyoming.

Sept. 9, 1981.

George A. Zunker of Urbigkit & White-
head, P.C., Cheyenne, for appellant, Fore-
most Life Ins. Co.

John A. Sundahl of Godfrey & Sundahl,
Cheyenne, for appellant, U.S. Credit Life
Ins. Co.

Steven F. Freudenthal, Atty. Gen., Ger-
ald A. Stack, Deputy Atty. Gen., Criminal
Division, and Kelly S. Davis, Sp. Asst. Atty.
Gen., on behalf of appellees.

Glenn Parker and W. Douglas Hickey of
Hirst & Applegate, Cheyenne, signed the
amicus curiae brief on behalf of Consumer
Credit Ins. Ass'n, in support of Foremost
Life Ins. Co. and U.S. Life Credit Life Ins.
Co.

Before ROSE, C. J., and RAPER, THOM-
AS, ROONEY and BROWN, JJ.

BROWN, Justice.

Appellants appeal from the district court's order affirming the Wyoming Insurance Commissioner's disapproval of the rates and forms submitted under Chapter 21 for credit life and disability insurance written for terms of five years or longer. We agree with the district court and will affirm.

The following issues have been raised on appeal:[1]

1. Does Chapter 21 of the Wyoming Insurance Code prohibit the sale of credit life and credit disability insurance for terms exceeding five years?

2. If Chapter 21 of the Wyoming Insurance Code does not prohibit the sale of credit life and credit disability insurance for terms exceeding five years, may insurance designated as such be written using rates and forms approved under Chapter 21 of the Wyoming Insurance Code for periods of five years or longer because Article 4 of the Uniform Consumer Credit Code supplements and expands Chapter 21 of the Wyoming Insurance Code?

3. Are the Findings of Fact and Conclusions of Law, Decision and Order issued by the Insurance Commissioner insufficient as a matter of law?

In September of 1978, the Wyoming Insurance Department approved the rates and policy forms submitted by appellant U.S. Life Credit Life Insurance Company for the sale of credit life and disability insurance for terms exceeding 59 months. By letter dated April 9, 1979, the Wyoming Insurance Department withdrew its approval of these rates and policy forms.

Appellant Foremost Life Insurance Company had also been writing credit life insurance policies for terms exceeding 59 months. In April of 1980, the Wyoming Insurance Department issued a notice and order to show cause challenging Foremost's sale of credit life insurance for terms exceeding 59 months.

After considerable legal jousting, Foremost, U.S. Life and the Wyoming Insurance Department stipulated to the facts and the issues [2] that were before the Wyoming Insurance Commissioner, thus eliminating the need for a hearing. In his Findings of Fact, Conclusions of Law, Decision and Order, the Insurance Commissioner withdrew the previous approval of appellants' rates and policy forms for credit life and disability insurance issued for terms exceeding 59 months.

The Insurance Commissioner concluded that the use of *any* rate or form styled to be "credit life insurance" or "credit disability insurance" may no longer be written for a term of five or more years.[3] We interpret the phrase "styled to be" as having a dual meaning: credit insurance that complies with the requirements set forth in Chapter 21 and also credit insurance that is called "credit life insurance" or "credit disability insurance." [4]

Appellants then filed a petition for review in the district court. After reviewing the file and the briefs of the parties, the

1. In this opinion we will be referring to Chapter 21 of the Wyoming Insurance Code and Article 4 of the Uniform Consumer Credit Code (U.C. C.C.). Chapter 21 is § 26–21–101, et seq., W.S. 1977, and Article 4 is § 40–14–401, et seq., W.S.1977.

2. A copy of the stipulation dated September 12, 1980, has been set forth in pertinent part in Appendix A.

3. While the appellants argue that the rates and policy forms were not submitted for approval under Chapter 21, but rather merely submitted for approval under any applicable statute, appellants have stated in the stipulation that the rates and policy forms were approved under Chapter 21.

4. The Insurance Commissioner contends that the terms "credit life insurance" and "credit disability insurance" are terms of art and that insurance issued pursuant to Article 4 cannot be called "credit life insurance" or "credit disability insurance." We find no reason to object to the Insurance Commissioner's conclusion that the terms "credit life insurance" and "credit disability insurance" are terms of art. The legislature did not choose to call insurance issued pursuant to Article 4 "credit life insurance" and "credit disability insurance," but rather referred to insurance issued pursuant to the Wyoming Uniform Consumer Credit Code as "consumer credit insurance."

district court judge entered an order affirming the Wyoming Insurance Commissioner's order. Appellants · are appealing from the district court's order.

## I

█ The first question we must address is whether Chapter 21 prohibits the sale of credit life and disability insurance for terms in excess of 59 months. The pertinent statute, Section 26–21–101, W.S.1977, Chapter 21, Wyoming Insurance Code, provides in part:

"All life insurance and all disability insurance in connection with loans or other credit transactions shall be subject to the provisions of this chapter; *except, that insurance in connection with a loan or other credit transaction of five (5) years duration or more shall not be subject to this chapter * * *.*" (Emphasis added.)

The language of the statute is clear and unambiguous; therefore, "we will not look to statutory rules of construction, nor will we attribute another meaning to the statute." *Matter of Estate of Reno*, Wyo., 604 P.2d 550, 553 (1979). The statute does not prohibit the sale of credit insurance for terms of five years or longer, but rather provides that such insurance is not subject to Chapter 21 of the Wyoming Insurance Code.

## II

Because Chapter 21 does not prohibit credit insurance written for terms of five years or longer, the next question is whether rates and forms approved under Chapter 21 can be used to write insurance for terms of five years or longer. After reviewing § 26–21–101, W.S.1977, the Insurance Commissioner stated in his conclusions of law:

"The statute is crystal clear: Such insurance for terms of five or more years is not subject to Chapter 21. Hence, the definitions found in W.S. § 26–21–

102(a)(i) and (ii) are not applicable to insurance for terms of five or more years * * *."

As a general rule, courts give deference to the interpretation of a statute by the officers or the agency charged with the administration of the statute. *Demos v. Board of County Commissioners of Natrona County*, Wyo., 571 P.2d 980 (1977); *County of Natrona v. Casper Air Service*, Wyo., 536 P.2d 142 (1975); *Kearney Lake, Land & Reservoir Company v. Lake DeSmet Reservoir Company*, Wyo., 487 P.2d 324 (1971); and *State ex rel. Goshen Irr. Dist. v. Hunt*, 49 Wyo. 497, 57 P.2d 793 (1936). We agree with the Insurance Commissioner's interpretation of § 26–21–101, W.S.1977.

When the word "shall" is used by the legislature in a statute, courts interpret the statute as mandatory unless the context indicates a contrary legislative intent. *Mayland v. State*, Wyo., 568 P.2d 897, 899 (1977). Because § 26–21–101, W.S.1977, specifically provides that credit life and disability insurance written for terms of five years or longer "shall not be subject to this chapter," it is obvious that the legislature was setting forth a mandatory rule.

Such statutory interpretation has been accepted by the Arizona court in *Foremost Life Insurance Company v. Trimble*, 119 Ariz. 222, 580 P.2d 360, 364 (1978), where the court interpreted a statute very similar to § 26–21–101, W.S.1977,[5] to determine whether

" * * * the essence of the Director's argument * * * that Article 10 prohibits credit life and disability insurance in excess of ten years duration only in the sense that an issuer of insurance of such duration is prohibited from claiming the benefits * * * set forth in Article 10 * * *"

was correct. In upholding the Director's position, the court stated:

---

5. Arizona's statute, § 20–1602, provides:

" 'All life insurance and all disability insurance issued or made effective in connection with a loan or other credit transaction of not more than ten years duration shall be subject to this article and to all other provisions of

this title not inconsistent herewith except that an insurer's issuance of any such insurance as an isolated transaction, not pursuant to an agreement or a plan insuring debtors of the creditor, shall not be subject to this article.' "

"Article 10 neither regulates, permits, nor prohibits such insurance [credit life and disability insurance issued for terms exceeding ten years], and more importantly insofar as concerns the issues involved in this case, it does not create any kind of implied exemption of such insurance from the general statutory and regulatory requirements otherwise imposed by the insurance code and applicable laws of the state of Arizona. * * * " *Foremost Life Insurance Company v. Trimble*, supra, at 364.

■ Appellants further contend that Article 4 of the Uniform Consumer Credit Code supplements and expands Chapter 21 of the Insurance Code. According to appellants, because of this supplementation or expansion, insurance written for periods of five years and not exceeding ten years may be written on forms and rates approved under Chapter 21 of the Insurance Code. In support of this contention, appellants state that the distinction between "credit life and disability" insurance as defined in Chapter 21 of the Wyoming Insurance Code and "consumer credit insurance" as defined in Article 4 of the Wyoming Consumer Credit Code "is a distinction without a difference." We cannot agree. We agree instead with the district court judge's finding that while there are similarities between the credit insurance authorized by Chapter 21 and that authorized by Article 4, there are also substantial differences.[6] For purposes of this opinion, we will not attempt to set forth all of the differences between these two sections but will discuss only a few. For example, Chapter 21 does not place a limit upon the amount of the debt that may be insured. However, the definitional sections of Article 4 for the three consumer credit transactions for which credit insurance may be issued, consumer credit sales (§ 40–14–204, W.S.1977), consumer leases (§ 40–14–206, W.S.1977), and consumer loans (§ 40–14–204, supra) limit the amount financed to $25,000. Section 26–21–106(b), W.S.1977, mandates that the creditor is to be the beneficiary for each individual policy or group certificate of insurance. Article 4 does not require that the creditor be listed as the beneficiary. Finally, Chapter 21 does not require that the insurance be decreasing term insurance; Article 4 does.[7]

Appellants cannot take favorable provisions out of Article 4 and engraft them into Chapter 21, thus producing a hybrid scheme of insurance. If this were permissible, the result would be a scheme of insurance that allows credit insurance to be written for terms up to ten years without the limitations required by Article 4. This court has long held that it "will not enlarge, stretch, expand or extend a statute to matters not falling within its express provisions." *Lo Sasso v. Braun*, Wyo., 386 P.2d 630, 632 (1963). Appellants' interpretation of the statutes would result in a partial repeal of Chapter 21, contrary to the legislative direction in § 40–14–402(c), W.S.1977, which specifically states that Article 4 does not repeal Chapter 21.[8]

Chapter 21 and Article 4 provide for separate and distinct insurance schemes. We will not speculate as to what type of borrower or creditor each serves. Further, we will not speculate as to the public interest each type of policy is designed to protect. These matters are not necessary in this opinion.

If the legislature intended that Article 4 lengthen the time limitations in Chapter 21 of the Insurance Code, this could have been accomplished by a simple amendment to Chapter 21. We do not believe that the provisions of Chapter 21 and Article 4 can be properly combined, or that selective provisions from each can be merged into an

---

**6.** A chart setting forth the differences between the two sections appears in Appendix B.

**7.** During oral argument, U. S. Life's counsel indicated that U. S. Life does not offer decreasing term life insurance.

**8.** Section 40–14–402(c):

"This article supplements and does not repeal sections 26.1–440 through 26.1–453 inclusive, chapter 136, Session Laws of Wyoming 1967 [§§ 26–21–101 to 26–22–101]. * * * "

insurance scheme different from either Chapter 21 or Article 4. We hold, therefore, that Chapter 21 does not prohibit the sale of credit insurance for terms of five years or more. If credit insurance is, however, sold for a term of five years or more, it cannot be sold using rates and forms approved under Chapter 21 of the Wyoming Insurance Code. Stated another way, if credit insurance is sold for a term of five years or more, some provision of the law other than Chapter 21 must be relied upon as authority.

### III

The final question we must address is whether the findings of fact and conclusions of law issued by the Insurance Commissioner are insufficient as a matter of law to support the withdrawal of the rates and policy forms approved under Chapter 21. We agree with appellants that the Administrative Procedure Act, § 9–4–110, W.S.1977, imposes "the duty to make findings of basic facts upon all of the material issues in the proceedings and upon which its ultimate findings of fact or conclusions are based." *Pan American Pet. Corp. v. Wyoming Oil & G. Con. Com'n*, Wyo., 446 P.2d 550, 555 (1968). This standard, however, is not applicable here because the facts are not in dispute.

The parties stipulated to the facts and issues that were before the Insurance Commissioner. The present appeal requires this court to review only the Insurance Commissioner's interpretation of the pertinent statutes; therefore, the substantial evidence standard does not apply. *Sorensen v. Andrus*, 456 F.Supp. 499, 500 (D.Wyo. 1978). The question of whether the findings of fact are insufficient is not relevant, and we have already discussed in detail why we agree with the conclusions of law set forth in the order.

Affirmed.

### APPENDIX A

### "STIPULATION

\*    \*    \*    \*    \*    \*

"3. The sole issue for determination as to Foremost Life Insurance Company is whether or not Foremost Life Insurance Company may write insurance in connection with loans of five years duration or more utilizing rates and forms approved under Chapter 21 of the Wyoming Insurance Code. \* \* \* It is Foremost Life Insurance Company's contention that no other rates or forms other than those approved under Chapter 21 of the Wyoming Insurance Code need be approved by the Wyoming Insurance Department for any credit life transaction in excess of five years or more. Foremost Life Insurance Company also contends that it may write credit life insurance for the term of the debt, and that the Department can regulate those rates and approve those forms under the provisions of Chapter 21 of the Insurance Code.

"4. The first issue for determination as to U. S. Life Credit Life Insurance Company is whether or not U. S. Life Credit Life Insurance Company may write insurance in connection with loans of five years duration or more utilizing rates and forms approved under Chapter 21 of the Wyoming Insurance Code. \* \* \* It is the U. S. Life Credit Life Insurance Company's contention that all this insurance may be written in accordance with rates and forms approved under Chapter 21 of the Wyoming Insurance Code. U. S. Life Credit Life Insurance Company further contends that no other rates or forms need be approved any credit life transaction in excess of five years or more.

"5. Foremost Life Insurance Company and U. S. Life Credit Life Insurance Company further contend that credit life and credit disability may be written in accordance with the provisions of W.S. 40–14–430 through W.S. 40–14–453, and that these code provisions expand upon Chapter 21 of the Wyoming Insurance Code. U. S. Life Credit Life Insurance Company bases this position on W.S. 40–14–403, which \* \* \* provides that consumer credit insurance is insurance written for a period of not more than 10 years

upon forms and rates approved under Chapter 21 of the Wyoming Insurance Code.

"6. U. S. Life Credit Life Insurance Company further contends that even if the forms and rates may not be used under Chapter 21, the company can write such insurance for more than 59 months under other provisions of the Insurance Code, and the rates and forms used herein comply with provision of the Insurance Code other than Chapter 21.

"7. It is the contention of the Insurance Department that Chapter 21 of the Wyoming Insurance Code neither regulates, permits nor prohibits for the writing of insurance in connection with transactions of five years or more, and that, therefore, the authority for the same must be found elsewhere in the Insurance Code, and that rates and forms to be utilized in such insurance must likewise be filed and approved under other provisions of the Insurance Code. The Insurance Department further contends that the words 'credit life' and 'credit disability' are words of art, and hence, their use in insurance policies, contracts or rate filings is limited to the Insurance Code in connection with loans or other credit transactions of less than five years duration."

## APPENDIX B

| | CHAPTER 21 | ARTICLE 4 |
|---|---|---|
| Term: | less than 5 years<br>§ 26–21–101 | not more than 10 years<br>§ 40–14–403 |
| Insurance Limits: | amount of debt, otherwise no limit<br>§ 26–21–104 | not to exceed $25,000<br>§ 40–14–402(a) |
| Beneficiary: | Creditor (mandatory)<br>§ 26–21–106(b) | Creditor not required to be beneficiary |
| Type of policy: | Does not require decreasing term<br>§ 26–21–104 | Decreasing term<br>§ 40–14–407 |
| Scope: | Any loan or credit transaction<br>§ 26–21–101 | Limited to consumer credit sales, consumer leases and consumer loans<br>§ 40–14–402(a) |
| Debtor: | No limitations<br>§ 26–21–102(iv) | Person other than an organization<br>§ 40–14–402(a);<br>Consumer Credit sales<br>(§ 40–14–204(a)(ii)<br>Consumer lease<br>(§ 40–14–206(a)(i)<br>Consumer loan<br>(§ 40–14–304(a)(i) |
| Purpose: | No limitation | Personal, family, household or agricultural purposes<br>§ 40–14–402(a);<br>Consumer credit sales<br>(§ 40–14–204(a)(iii)<br>Consumer lease<br>(§ 40–14–206(a)(i)<br>Consumer loan<br>(§ 40–14–304(a)(ii) |

| Benefits payable to: | Reduce or extinguish unpaid indebtedness § 26–21–106(b) | No requirement that benefits be used to reduce or extinguish indebtedness |
| --- | --- | --- |

ROONEY, Justice, concurring.

I want to emphasize the fact that since the sale of credit insurance for terms of five years or more is not subject to Chapter 21 (§ 26–21–101 et seq., W.S.1977), it may be subject to other provisions of the Code. For example, § 26–15–112, W.S.1977 concerns the filing of forms generally and sets a time limit on approval or disapproval of forms and rates filed under it. It could be contended that appellants' filings are made under such section inasmuch as our holding negatives the condition under which the section does not apply, i. e. "unique character designed for and used with relation to insurance upon a particular subject." Since issues of this nature were not presented in this case, they need not be addressed.