**Alden HARRIS, Petitioner,**

v.

**WYOMING STATE TAX COMMISSION, Respondent.**

No. 85–68.

Supreme Court of Wyoming.

April 25, 1986.

Andrew W. Baldwin, Wind River Legal Services, Inc., Ft. Washakie, for petitioner.

A.G. McClintock, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., and Robert J. Walters, Asst. Atty. Gen., for respondent.

Before THOMAS, C.J., and ROSE,* BROWN, CARDINE, and ROONEY,** JJ.

THOMAS, Chief Justice.

The question which we must answer in this case is whether the Wyoming State Tax Commission (Tax Commission) can rely upon a conviction for driving while under the influence of intoxicating liquor which was obtained in an Indian tribal court for purposes of suspending Harris' driver's license. A threshold question is presented as to whether the order of the Tax Commission sufficiently complied with this court's construction of the requirements of the Wyoming Administrative Procedure Act to

* Retired November 1, 1985.

** Retired November 30, 1985.

permit judicial review. The case was certified to this court by the district court for review pursuant to Rule 12.09, W.R.A.P. We conclude that the conviction in tribal court could not be relied upon by the Tax Commission for purposes of suspension of Harris' driver's license, and the order of the Tax Commission is reversed.

The statutes upon which the Tax Commission relied provide as follows:

"Upon conviction under W.S. 31–5–233 or other law prohibiting driving while under the influence, the division shall * * *.

         *         *         *         *         *         *

"(iii) For three (3) or more convictions under W.S. 31–5–233 or other law prohibiting driving while under the influence occurring within a five (5) year period preceding the date of the most recent offense, revoke the license for three (3) years."

§ 31–7–127(d)(iii), W.S.1977 (1984 Pamphlet)

Section 31–7–102(a)(xx), W.S.1977 (1984 Pamphlet) [now § 31–7–102(a)(xiv), W.S. 1977 (May 1985 Cum.Supp.)], provides:

"Other law prohibiting driving while under the influence means a statute of another state, the United States, a territory or district of the United States or an ordinance of a governmental entity of this or another state which prohibits driving while under the influence of intoxicating liquor, alcohol, controlled substances or drugs."

These statutes were effective April 1, 1984. Session Laws 1984, Ch. 41, § 6.

The parties have stipulated to the undisputed fact that Harris was convicted of driving while under the influence of intoxicating liquor in the Indian Offenses Court at Fort Washakie on the Wind River Indian Reservation. It is conceded that Tribal Ordinance 2.7 in the Wind River Court of Indian Offenses is substantially similar to § 31–5–233, W.S.1977, and does prohibit driving while under the influence of intoxicating liquor.

The order of the Tax Commission reads in pertinent part:

"THIS MATTER having come before the Tax Commission on September 24, 1984, in the matter of the driver license revocation of Alden Harris and the Commission having completely reviewed the motor vehicle file and Memorandum in Opposition find:

"IT IS HEREBY ORDERED that the Order issued by the Motor Vehicle Division revoking the driver's license of Alden Harris be and is hereby upheld."

In his brief Harris sets forth the following issues:

"1. Whether the Tax Commission's failure to provide conclusions of law invalidates the revocation of Appellant/Petitioner's driver's license.

"2. Whether the State Hearing Examiner or the Tax Commission has the authority to revoke Appellant/Petitioner's driver's license on the basis of his conviction under Tribal Ordinance 2.7 in the Wind River Court of Indian Offenses."

The Tax Commission states the issues to be resolved differently in its brief:

"I. WAS THE TAX COMMISSION REQUIRED TO PROVIDE CONCLUSIONS OF LAW SINCE THE FACTS WERE UNDISPUTED AND THE DECISION WAS BASED ON AN INTERPRETATION OF THE PERTINENT STATUTES?

"II. DID THE STATE HEARING EXAMINER AND THE TAX COMMISSION PROPERLY CONCLUDE THAT THE RELEVANT STATUTES SHOULD BE INTERPRETED TO INCLUDE CONVICTIONS OF TRIBAL ORDINANCES IN THE WIND RIVER COURT OF INDIAN OFFENSES?"

It is clear from the record that the sole question presented for decision by the Tax Commission was whether Tribal Ordinance 2.7 in the Wind River Court of Indian Offenses under which Harris was convicted is an "other law prohibiting driving while under the influence" within the meaning of § 31–7–127(d)(iii), W.S.1977 (1984 Pamphlet). Harris' position before the Tax Commission was that the tribal ordinance did not meet this definition. The driver's li-

cense division responded before the Tax Commission that the word "territory" found in § 31–7–102(a)(xx), W.S.1977 (1984 Pamphlet) alludes to a geographical area, which does include an Indian reservation, that the word "statute" in the same subdivision encompasses the tribal ordinances in effect on an Indian reservation, that the policy represented by the statute is to remove drunk drivers from the highways, and that a strict construction of the statute is not required because statutes providing for the revocation of driver's licenses are civil in tenor. Harris responded that the words of the statute should be given their legal meaning, not their ordinary meaning, and he there cited authority for the proposition that an Indian reservation is neither a territory nor a state. It was Harris' conclusion before the Tax Commission that the legislature meant to exclude tribal ordinances because the statute did not include a reference to an Indian tribe or reservation.

■ We conclude that the order of the Tax Commission is reviewable even though Harris contends that we should remand it because it does not encompass conclusions of law as required by § 16–3–110, W.S. 1977. That statute does require that a final decision in a contested case "shall include findings of fact and conclusions of law separately stated," and this court previously has held that it is the order of the Tax Commission which is the final order in cases involving the suspension of driver's licenses. *State, Department of Revenue & Taxation, Motor Vehicle Department v. Andrews*, Wyo., 671 P.2d 1239 (1983). This order does not encompass findings of fact and conclusions of law separately stated. Harris makes no complaint about the absence of findings of fact, and we assume that in the light of *Foremost Life Insurance Company v. Langdon*, Wyo., 633 P.2d 938 (1981), in which we held that the question of whether the findings of fact were insufficient was irrelevant because the parties had stipulated to the facts, Harris chose not to raise this issue. The cases which the court has decided in construing § 16–3–110, W.S.1977, hold that the thrust

of the language in the statute is to require the articulation of basic facts from which ultimate findings of fact are determined in order to facilitate judicial review. *Pan American Petroleum Corporation v. Wyoming Oil and Gas Conservation Commission*, Wyo., 446 P.2d 550, 555 (1968); *Mountain Fuel Supply Co. v. Public Service Commission of Wyoming*, Wyo., 662 P.2d 878, 887 (1983); *Powell v. Board of Trustees of Crook County School District No. 1, Crook County*, Wyo., 550 P.2d 1112, 1118 (1976). See also *Regan v. City of Casper*, Wyo., 494 P.2d 933 (1972) (court declined to examine possible latent defects in order because petition for review not timely filed).

In this instance a limited question was presented for the Tax Commission for decision, and the failure to separately state any conclusions of law does not in any way inhibit our review. The obvious question before the Tax Commission, which is the same question we are asked to address, is whether a conviction in tribal court for driving while under the influence of intoxicating liquor may be invoked by the driver's license commission in order to revoke Harris' driving privileges pursuant to §§ 31–7–102(a)(xx) and 31–7–127(d), W.S. 1977 (1984 Pamphlet). Under the circumstances we will not rely upon the technicality of omission of conclusions of law separately stated to set aside the agency action and order on the asserted ground that it was made without following the procedure required by law pursuant to § 16–3–114(c)(ii)(D), W.S.1977.

■ Addressing the question raised on the merits we hold that the statutory language does not encompass a conviction for driving while under the influence which occurs in a tribal court for violation of a tribal ordinance. The amendments to the statutes which are quoted above would seem to have been adopted in response to the decision of this court in *State ex rel. Motor Vehicle Division v. Holtz*, Wyo., 674 P.2d 732 (1983). Previously § 31–7–127(d), W.S.1977, had provided for revocation of

driver's licenses "upon conviction under W.S. 31–5–233." This court said in *State ex rel. Motor Vehicle Division v. Holtz,* supra, 674 P.2d at 743:

"Unless and until changed by the legislature, only prior convictions under § 31–5–233, supra, may be considered * * * by the Division in suspending and revoking drivers' licenses.".

In construing the statute involved we also said in that case:

"If the language is sufficiently clear, there is no need to resort to rules of construction. When the language is not clear or is ambiguous, the court must look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conclusions of law, and other prior and contemporaneous facts and circumstances, making use of the accepted rules of construction to ascertain a legislative intent that is reasonable and consistent. [Citations omitted.]" *State ex rel Motor Vehicle Division v. Holtz,* supra, 674 P.2d at 736.

In instances in which the statutory language is plain this court will not extend the language to embrace "matters not falling within its express provisions." *State, Department of Revenue and Taxation, Motor Vehicle Division v. Andrews,* supra, 671 P.2d at 1246; *Foremost Life Insurance Company v. Langdon,* supra, 633 P.2d at 940. In *Town of Pine Bluffs v. State Board of Equalization,* 79 Wyo. 262, 333 P.2d 700, 708 (1958), the "familiar rule of 'Expressio unius est exclusio alterius,'" was followed, and we held that a statute enumerating publicly owned property exempted from taxation must be construed to mean that property not enumerated was not exempt.

Harris, citing authority for the propositions that an Indian tribe is not a state, a territory or district of the United States, a possession of the United States nor a governmental entity of a state, argues that his conviction is not included within the statutory definition of "conviction under W.S. 31–5–233 or other law prohibiting driving while under the influence * * *." The Tax Commission concedes:

"Appellee agrees that an Indian tribe generally has not been construed to be a 'state' or a 'territory of the United States' and that the Shoshone and Arapahoe of the Wind River Indian Reservation are a federally recognized Indian tribe."

The Tax Commission argues, however, that this court should read "Indian tribe" into the definition of "other law prohibiting driving while under the influence" in accordance with the obvious legislative intent, objects and purposes: "* * * to remove driving privileges from a person who presents a threat to public safety."

We hold that applying the principles of law which we invoked in *State ex rel. Motor Vehicle Division v. Holtz,* supra, and the other cases cited above we cannot extend the reach of the statute as the Tax Commission urges. We have no question that the legislature intended to broaden the authority of the driver's license division to suspend and revoke the licenses of habitual drunk drivers, and that the statutory language in question would change the specific result in *State ex rel. Motor Vehicle Division v. Holtz,* supra. The definition in § 31–7–102(a)(xx), W.S.1977 (1984 Pamphlet) does not, however, encompass within its listing of other laws a tribal ordinance, and none of the entities listed there are appropriate to describe an Indian tribe or its ordinances. Our statement in *State ex rel. Motor Vehicle Division v. Holtz,* supra, 674 P.2d at 742, still is apt:

"Until the legislature sees fit to change the express wording of these statutes, only convictions under the indicated [laws] can be counted as prior convictions for * * * suspension and revocation of drivers' licenses."

The conviction of Harris for driving while under the influence of intoxicating liquor in the tribal court pursuant to a tribal ordinance is not to be counted by the Tax Commission for purposes of revocation of Harris' driver's license.

The order of the Tax Commission is reversed.