Walter C. COOK, Appellant
(Petitioner),

v.

The ZONING BOARD OF ADJUSTMENT
FOR THE CITY OF LARAMIE, Wyo-
ming and the City Engineer of the City
of Laramie, Wyoming, Appellees (Re-
spondents).

No. 88–219.

Supreme Court of Wyoming.

June 19, 1989.

Dennis C. Cook, Laramie, for appellant.

Kathleen A. Hunt of Smith, Stanfield & Scott and David R. Nicholas of Corthell & King, Laramie, for appellees.

Before THOMAS, URBIGKIT, MACY, and GOLDEN, JJ., and LEIMBACK, District Judge.

URBIGKIT, Justice.

This zoning controversy over installation of a residence side yard patio in the Alta Vista subdivision, Laramie, Wyoming has engendered a singular course of litigation which directs this court to establish whether the Zoning Board of Adjustment for the City of Laramie, Wyoming (Board) has jurisdiction and whether it should have considered an appeal from the city engineer's action to enforce the city's zoning ordinance by requiring homeowner removal of a cover from the recently constructed patio.

We reverse and remand for further hearing by the administrative agency.

In the summer of 1987, appellant Walter C. Cook (Cook) undertook improvements to his residence which were to include a concrete patio and a metal and glass panel cover. Before Cook started any construction, he checked with the City Engineer of

the City of Laramie, Wyoming (City) about a building permit or other requirements for the installation. There is at least an appearance of conflict in the record whether he advised the City officials that the planned improvement would include not only the patio but also its cover.

Based on information obtained, Cook went ahead to complete construction. The building inspector[1] then addressed him orally and with a follow-up written notice dated September 29, 1987:

> This letter is in regard to the roof structure you have erected on your lot at 1058 Bonita.
>
> Section 17.12.030 of the Laramie Municipal Code requires the structure to have a minimum side yard setback of at least ten feet. The structure currently extends to your property line. Section 301 of the Uniform Building Code requires a permit to be obtained for a structure such as this. My records indicate that a permit has not been issued.
>
> I must ask that the structure be brought into compliance within a period of fifteen (15) days of receipt of this notice.

Observedly and expectedly, Cook became very upset after having expended about $2,500 to construct the patio cover. He filed a comprehensive petition for review with the Board to appeal from the "order, requirement, decision or determination." He argued that the patio cover was not subject to side year clearance requirements under the zoning ordinance because it was neither a principal nor an accessory building. By documentation and prayer, he alternatively asked that the building inspector be overruled or a variance be granted. His petition proceeded to hearing without answer from the City as required by the Board's rules. Photographs of a large variety of similar structures in this area were presented to the Board. Also presented were the approving views of several people in the neighborhood, although the adjoining homeowner objected.

Following the hearing, no separate decision providing findings and conclusions was prepared. The decision is only authenticated by minutes of the hearing held November 17, 1987, which by conclusion provided that "Toro made a MOTION to deny the variance. Seconded by Lauer. Valdez asked for further discussion. There was none. MOTION CARRIED."

There is also no documentary evidence of any decision constituting a determination of an appeal from the City's action. Cook sought review in district court[2] by utilizing the tape recording of the hearing and a summary of his testimony which had been omitted from the original recording. Exhaustive briefing followed with decision on the substantive issues:

> As to whether the Zoning Board's failure to address Petitioner's first claim violated its duty to Petitioner under the law and its own rules, the Court agrees with Respondents that the Board of Adjustment is restricted to granting variances. No authority has been given to the Board to review the interpretations of the City Engineer's Office. Therefore, the Board did not address Petitioner's first claim because they are not in a position to do so.
>
> Petitioner failed to present evidence to the Board that would substantiate a granting of the variance requested. The Board only has the power to grant a variance in the case of an exceptionally irregular, narrow or steep lot or other exceptional physical condition. Therefore, the Board's denial of a variance was properly based. This Court concludes that the Zoning Board of Adjustment's decision should be affirmed.
>
> This Decision Letter constitutes the mandate of the Court from which Petitioner's further prerogatives for review will run. If Petitioner does not exercise those rights within fifteen days, then this file shall be returned by the Clerk of the District Court to the City of Laramie for

---

1. The building inspector in Laramie, Wyoming is an employee of the city engineer.

2. W.S. 15-1-609; *Board of County Com'rs of Teton County v. Teton County Youth Services, Inc.,* 652 P.2d 400, 410 (Wyo.1982).

enforcement action under the Board's original decision.

## DISCUSSION

### 1. Procedure.

The litigants initially present two procedural arguments. First, the City argues that the petition for review was improperly served when served only by delivery to the city clerk. The contention addresses a requirement that the petition for appeal to the Board must be served *only* on the chairman of the board.[3] Second, Cook argues that by the terms of the Board's rules, the City was obligated to file an answer, and, lacking compliance, was estopped to appear and defend.

Section 4 of the Board's rules and regulations provides:

> The agencies or persons against whom the Petition has been filed shall be allowed Twenty (20) days from and after the date of service of the Petition within which to file with the City Clerk his, her or its answer or other appearance. A copy of such answer or other appearance shall be served upon the Petitioner in accordance with the provisions of Rule 5, Wyoming Rules of Civil Procedure.

Section 5 requires a $10.00 filing fee and provides that the city clerk shall docket and maintain the file in each case. Section 6 provides:

> In the event of failure of either the Council, Commission or Board as the case may be, or any contestee to answer or otherwise appear within the time allowed by these rules, and provided that Section 3 hereof has been complied with, said agency or contestee so failing to answer or otherwise appear, shall not be allowed to answer or otherwise appear thereafter and after written notice to the petitioner, the proceeding will be brought before the agency to which it was presented for consideration and appropriate action.

■ Without attempting to unravel whether the layman in the volunteer office of chairman should have been served instead of the city clerk as the normal agent for service on the City, it will suffice to conclude that sufficient notice was given for the hearing to be scheduled and absent objection by the City, jurisdiction exists and the failure, if any, was waived.

■ We are then faced with the procedural requirement for filing an answer, which was ignored by the City. Proper and prompt objection by a request for entry of default was made by Cook at the Board hearing so that a waiver by him cannot be applied. In these proceedings, the public official acts in behalf of the public in general, and we apply the rule that rights for the public interest to be protected and considered by an administrative agency cannot be foreclosed as a waiver by the responsible public official. *See Johnson v. City of Glendale*, 12 Cal. App.2d 389, 55 P.2d 580 (1936), municipality and its officers cannot waive compliance with claim time; *Building Com'rs Of, Town of Brookline v. McManus*, 263 Mass. 270, 160 N.E. 887 (1928), building commissioner is without authority to waive or modify zoning by-laws; *Cawley v. Board of Trustees of Firemen's Pension or Relief Fund of City of Beckley*, 138 W.Va. 571, 76 S.E.2d 683 (1953); and *Park Bldg. Corp. v. Industrial Comn.*, 9 Wis.2d 78, 100 N.W.2d 571 (1960), building inspector could not waive failure to comply with safety order.

A public office is held by public trust, 67 C.J.S. *Officers* § 11 (1978); therefore, sanctions or continuance may be appropriate and provided, but the public interest in

---

**3.** Chapter II, Section 3 of the Board's rules and regulations provides:

> Section 3. *Service of Petition.* The Petitioner shall cause to be served upon all agencies and persons named in the Petition a full, true and correct copy thereof. Service shall be made personally or by registered or certified mail with return receipt thereof in accordance with the provisions of Rule 4, Wyoming Rules of Civil Procedure, provided however, that personal service made within the City of Laramie may be made by a member of the Laramie Police Department. In the case of the agency service shall be made upon the Mayor of the City Council or the Chairman of the board or commission involved. Proof of service shall be made in accordance with the provisions of said Rule 4.

whose discipline the city engineer acts cannot be waived by unintentional default.

### 2. Substantive.

Our review of administrative agency action is confined to the matters explicitly referenced in W.S. 16–3–114(c) and W.R. A.P. 12.09. W.S. 16–3–114(c) provides:

> To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
> (i) Compel agency action unlawfully withheld or unreasonably delayed; and
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> (B) Contrary to constitutional right, power, privilege or immunity;
>
> (C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
>
> (D) Without observance of procedure required by law; or
>
> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Originally, this appeal raises two issues: (1) whether the decision, if constituting a zoning decision, was appealable to the Board, and (2) whether the decision was a zoning decision.

■ In present appellate brief, the City concedes the first issue correctly that under state law which is controlling, a zoning decision by the enforcement officer may be appealed to the governmental zoning board of adjustment.[4] *See* W.S. 15–1–608.

> The more important appointed body is the board of adjustment which hears *appeals* from the actions of the municipal officers charged with enforcing the zoning ordinance—generally the *city engineer* or other officer having authority to issue building permits.

E. Rudolph, Wyoming Local Government Law § 5.1 at 148 (1985) (emphasis added and footnote omitted).

■ The City now alternatively argues that a substantive decision on a zoning question was made or that the question presented was an interpretation of the Uniform Building Code (UBC) and not a zoning subject at all. Suffice it to observe that the action of the Board speaks from its written record, which stated that "Toro made a MOTION to deny the variance. Seconded by Lauer. Valdez asked for further discussion. There was none. MOTION CARRIED." Undeniably, a requested variance invokes a zoning decision.[5]

> [T]he Court agrees with Respondents that the Board of Adjustment is restricted to granting variances. No authority has been given to the Board to review the interpretations of the City Engineer's Office. Therefore, the Board did not address Petitioner's first claim because they are not in a position to do so.

**4.** In appellate brief, the City stated:
> The Appellees concur with Appellant that as to the *zoning* interpretation made by the City Engineer, the Zoning Board of Adjustment has not only the authority, but the responsibility, to review the City Engineer's decision. The record shows that Appellant addressed that issue to the Zoning Board and received a decision thereon.

(Emphasis in original.) This posture is contrary to the position taken in the brief submitted to the district judge:
> The powers of the Board of Adjustment are thus restricted to granting variances and no authority has been given to the Board to review the interpretations of the City Engineer's office.

The City's position espoused in its district court appellate brief became:

**5.** Although a variance is a zoning inquiry, we do not decide whether a side yard clearance for this patio cover is or is not a subject for variance, a UBC dispute, or only an argument between Cook and the City. A specific decision resolving disputes between the litigants will more understandingly present an issue for review based on specific findings and conclusions. We are interested why the base pad is not questioned and its cover then engenders this unrequited litigation.

In Wyoming, an administrative agency is required to set forth its findings of fact and conclusions of law. W.S. 16–3–110 provides in part:

A final decision or order adverse to a party in a contested case shall be in writing or dictated into the record. The final decision shall include findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

Since this case involves an appeal from an administrative agency, this court must be guided by W.S. 16–3–114(c).

In determining whether the action of an agency is arbitrary, capricious, or an abuse of discretion, the court ascertains whether the decision is supported by the record. * * * It is an abuse of discretion for an administrative agency to act without collecting the necessary facts. *First National Bank of Thermopolis v. Bonham,* Wyo., 559 P.2d 42 (1977).

* * * Thus, if the principal reasons for the action are not set forth, the courts have no way of determining whether the agency considered the relevant factors.

*Holding's Little America v. Board of County Com'rs of Laramie County,* 670 P.2d 699, 703–04 (Wyo.1983). *See also Mountain Fuel Supply Co. v. Public Service Com'n of Wyoming,* 662 P.2d 878, 886–87 (Wyo.1983); *Larsen v. Oil and Gas Conservation Commission,* 569 P.2d 87, 90–91 (Wyo.1977); *Powell v. Board of Trustees of Crook County School Dist. No. 1, Crook County,* 550 P.2d 1112, 1120 (Wyo.1976); and *Pan Am. Petroleum Corp. v. Wyoming Oil and Gas Conservation Commission,* 446 P.2d 550, 554–55 (Wyo.1968). *Cf. Harris v. Wyoming State Tax Com'n,* 718 P.2d 49 (Wyo.1986), where separately stated findings of fact and conclusions of law were not required because of involved stipulated facts, a limited question, and no inhibition of appellate review; *Foremost Life Ins. Co. v. Langdon,* 633 P.2d 938, 942 (Wyo.1981), where findings of fact were not required because facts were stipulated to; and *Regan v. City of Casper,* 494 P.2d 935 (Wyo.1972), where civil

service commission decision letter satisfied W.S. 9–276.28 (1957) (predecessor to W.S. 16–3–110).

It is insufficient for an administrative agency to state only an ultimate fact or conclusion, but each ultimate fact or conclusion must be thoroughly explained in order for a court to determine upon what basis each ultimate fact or conclusion was reached. The court must know the why.

*Geraud v. Schrader,* 531 P.2d 872, 879 (Wyo.), *cert. denied sub nom. Wind River Indian Education Association, Inc. v. Ward,* 423 U.S. 904, 96 S.Ct. 205, 46 L.Ed.2d 134 (1975). A variance decision must be supported by adequate findings. *See* E. Rudolph, *supra,* § 5.2 at 150 and R. Anderson, American Law of Zoning § 20.17 (3d ed. 1986). There is good reason for this rule as witnessed by present argument as to the exact decision and why that decision was made by the administrative agency with its negative vote.

Although the Board did not make findings on the denial of the variance, a review of the hearing transcript reveals that the Board did not even determine whether minimum side yard clearance is a zoning question and whether the cover over a patio could create the problem not caused by the patio floor surface itself. Consequently, with this state of the record, there is little to conclude but that a variance decision was somehow made in contravention to W.S. 16–3–114(c)(ii)(C). We will not pursue the other issues argued by Cook speaking in terms of constitutional deprivation, estoppel and discriminatory enforcement since these issues were never considered by the administrative agency where the hearing was decided only on a variance for a claimed side yard, enclosed encroachment. W.S. 15–1–608(b)(iii).

Although the issue has at least been conceded, it is apparent from reading the statute, W.S. 15–1–608, that two very separate decisional functions are vested in this Board. Under W.S. 15–1–608(b)(ii) and (iii), there is a power to grant zoning ordinance variances. As a separate and appellate

function, the Board acts in appellate responsibility:

(a) The board shall:

(i) Hear and decide:

(A) Appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this article;

(B) All matters referred to it or upon which it is required to pass under any such ordinance.

(ii) Fix a reasonable time for hearing an appeal, give public notice, adequate notice to the parties in interest and decide the appeal within a reasonable time. Any party may appear in person at a hearing or by agent or attorney;

(iii) Adopt rules in accordance with the provisions of any ordinance adopted pursuant to this article.

(b) The board has the power to:

(i) Hear and decide special exemptions to the terms of the ordinance upon which the board is required to pass under the ordinance;

\* \* \* \* \* \*

(iv) Reverse or affirm wholly or partly the order, requirement, decision or determination as necessary, but no power exercised under this paragraph shall exceed the power or authority vested in the administrative officer from whom the appeal is taken.

W.S. 15–1–608.

■ Furthermore, a decision of the Board is not subject to override by the city council, and pursuant to W.S. 15–1–609, "[t]he decision of the board may be reviewed by the district court pursuant to Rule 12 of the Wyoming Rules of Appellate Procedure." [6]

The decision of the district court is reversed and the case is remanded for the district court to enter an order requiring the Board to hold a hearing on any issue presented by Walter C. Cook either addressing the zoning ordinances or action of the City Engineer of the City of Laramie, Wyoming with regard to homeowner maintenance of the presently installed patio cover.

Reversed and remanded.

MACY and GOLDEN, JJ., file opinions concurring in part and dissenting in part.

MACY, Justice, concurring in part and dissenting in part.

I agree with the majority that the decision of the district court should be re-

---

**6.** Another concern is raised, which is addressed only to avoid another quick appeal. Section 17.48.060 of the Laramie Municipal Code entitled "Adjustment determination in general—Assumption of official powers—Reversals," provides in subsection C:

The concurring vote of four members of the board of adjustment shall be necessary to reverse any order, requirement, decision or determination of any administrative official, or to decide in favor of the applicant on any matter upon which it is required to pass under any ordinance or to effect any variation in such ordinance.

This document reflects that the membership of the Board is five. The Wyoming statute, W.S. 15–1–608(c), states:

The concurring vote of a majority of the board is necessary to reverse any order, requirement, decision or determination of any administrative official, or to decide in favor of the application on any matter upon which it is required to pass under any ordinance or to effect any variation in the ordinance.

The home rule amendment in Wyo. Const. art. 13, § 1(b) specifies:

All cities and towns are hereby empowered to determine their local affairs and government as established by ordinance passed by the governing body, subject \* \* \* to statutes uniformly applicable to all cities and towns, \* \* \*.

W.S. 15–1–608 is a statute "uniformly applicable to all cities and towns." Therefore, a city ordinance cannot require four affirmative votes in contravention of the statutorily designated majority. *See also K N Energy, Inc. v. City of Casper,* 755 P.2d 207, 211 (Wyo.1988) (a court must analyze any pertinent constitutional provision or appropriate statute for the purpose of determining whether express or implied authority has been conferred upon a municipality); *Police Protective Ass'n v. City of Rock Springs,* 631 P.2d 433 (Wyo.1981); *Laramie Citizens for Good Government v. City of Laramie,* 617 P.2d 474 (Wyo.1980); *Tri-County Elec. Ass'n, Inc. v. City of Gillette,* 584 P.2d 995 (Wyo.1978); *Nation v. State ex rel. Fire Fighters Local 279, I.A.F.F.,* 518 P.2d 931 (Wyo.1974); E. Rudolph, *supra,* § 2.6; and 8A E. McQuillin, The Law of Municipal Corporations § 25.232 (3d ed. 1986).

versed; however, I would not remand for a further hearing. Everyone involved in this controversy can take credit for making a simple matter complex and excessively litigious. Mr. Cook has been subjected to enough bungling of the bureaucracy. He should now be able to rest in the shade of his patio cover.

GOLDEN, Justice, concurring in part and dissenting in part.

The majority opinion in this case is separated into two sections, the first addressing the procedural aspects of the Zoning Board's determination against Cook and the second addressing the substantive aspects. I have no argument with the majority's analysis in the substantive section. In Wyoming an agency is required to set forth findings of fact and conclusions of law under W.S. 16–3–110; because the agency failed in this case to provide any findings or conclusions supporting its decision, it is clear that the Zoning Board's decision should at least be reversed and remanded for written findings and conclusions. I do, however, disagree with the majority's analysis of the procedural aspects of this case.

In response to the City's argument that Cook's Petition for Review of the Building Inspector's decision was improperly served, the majority states:

> Without attempting to unravel whether the layman in the volunteer office of chairman should have been served instead of the city clerk as the normal agent for the City, it will suffice to conclude that sufficient notice was given for the hearing to be scheduled and absent objection by the City, jurisdiction exists and the failure, if any, was waived.

Ante at 4.

Ch. II, § 3 of the Zoning Board's Rules and Regulations requires that service be made upon the "Mayor of the City Council or the Chairman of the board or commission involved." (This rule is identical in part to Laramie Municipal Code, § 1.20.050, which further requires that service under the code section comply with W.R.C.P. 4.).

In 17 McQuillen, *Municipal Corporations,* § 49.32, p. 213 (3d. 1982), it is stated:

> Service of process or the waiver of it by appearance is essential to the validity of a judgment against a city or its officers. Substitute service on a municipality is not a permissible method of service. The form of the process in actions against municipal corporations and the manner of service are usually controlled by local laws, and generally strict compliance with the procedure prescribed is exacted * * *.

> In the absence of charter or statutory provisions to the contrary, when a municipal corporation is sued in that capacity, the summons must be served on its mayor or or other chief executive officer * * *.

The local law in this case, Laramie Municipal Code, § 1.20.050, requires that service be completed upon the "Mayor of the City Council or the Chairman of the board or commission involved." Here, service was completed on the city clerk in violation of that local law, and was, therefore, improper. However, any defect in service was waived when the City appeared at and proceeded with the hearing without objection. *Matter of Parental Rights to ARW,* 716 P.2d 353, 357 (Wyo.1986).

Since any defect in service was waived by the city's appearance at the hearing, it is inconsistent for the majority to then posit that the City cannot be defaulted against despite its failure to timely answer Cook's Petition. This position contravenes the clear language of Ch. II, § 6 of the Zoning Board's Rules and Regulations, and the identical language of Laramie Municipal Code, § 1.20.080 (which also requires compliance with W.R.C.P. 5), which state:

> In the event of failure of either the council, commission or board as the case may be, or any contestee to answer or otherwise appear within the time allowed by these rules; [twenty days] and provided that § 3 [Laramie Municipal Code, § 1.20.050] [service] hereof has been complied with, said agency or contestee so failing to answer or otherwise appear, shall not be allowed to answer or otherwise appear thereafter and after written

notice to the petitioner, the proceedings will be brought before the agency to which it was presented for consideration and appropriate action.

There are no provisions in either the Board's promulgated rules or the general provisions of the Laramie Municipal Code which exempt the City or its agencies from the language of these rules. Rules properly promulgated have the force and effect of law. *Matter of GP*, 679 P.2d 976, 996 (Wyo.1984); *Yeik v. Department of Revenue and Taxation*, 595 P.2d 965, 968 (Wyo. 1979). One cannot ignore the language of the rules above; the City properly should have been defaulted against for its failure to answer Cook's petition.

The question then raised is whether the Board can violate or ignore its own rules and permit the City to appear and defend despite its failure to answer Cook's petition. It has been held that an agency can depart from its own rule if the rule was intended to govern a mere internal operating procedure rather than to protect some interest of the objecting party. *Roberts v. Lincoln County School District No. One*, 676 P.2d 577, 580 (Wyo.1984) (quoting *Violations by Agencies of Their Own Regulations*, 87 Harvard L.Rev. 629 (1973–74)). When the procedural rule bears on individual rights, however, the court may find that the rule is binding on the agency and may not be violated or ignored because the rule is not a mere internal housekeeping arrangement. *Brookhaven Housing Coalition v. Kunzig*, 341 F.Supp. 1026, 1027 (E.D.N.Y.1972) (executive order, having been issued and published by the President pursuant to statutory authority, is not a mere internal housekeeping arrangement; private citizens have a right to review compliance with both the statutes and the regulations relating to the provisions of publicly assisted housing). In *Vitarelli v. Seaton*, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959), the Court held that if a rule constitutes a procedural safeguard, a violation of that rule will not be permitted. It would appear that the procedural due process requirements in Ch. II, § 6, Laramie Municipal Code, § 1.20.080 and W.R.C.P. 5, are just such procedural safeguards contemplated in the *Vitarelli* opinion and should not be lightly disregarded by agencies for the purposes of convenience.

I agree that this case should be reversed for the reasons stated in the majority's substantive analysis. I disagree with, and, therefore, dissent from its inconsistent analysis in the procedural section. I believe the proper disposition of this case is a vacation of the Board's holding on jurisdictional grounds and a remand for a new hearing where only Cook can present evidence upon which the Board can make its findings and conclusions.